GEORGE F. GREEN *vs.* GEORGE E. BENEDICT ET AL.

First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

In determining whether one who employs more and less than five employees at irregular intervals, is exempt from the provisions of the Workmen's Compensation Act on the ground that he has "regularly less than five employees" (General Statutes, § 5342), the test is not the average daily number of employees, nor whether there is a definite quota or standard number of them, but whether, upon all the facts, it can reasonably be said that there is regularity in the employment of less than five.

In the present case the defendant was engaged in the construction of a building for twenty-seven days prior to the plaintiff's injury; on ten days it had less than five employees and on seventeen days five or more, there being two periods of two or more consecutive days when less than five were employed and five such periods when more than five were employed. *Held* that the trial court's conclusion that the defendant regularly employed less than five employees was erroneous.

Argued January 6th—decided February 23d, 1925.

APPEAL by the plaintiff from an award of the Compensation Commissioner for the fifth district dismissing his claim for workmen's compensation, taken to and heard by the Superior Court in Litchfield County

(1)

(*Brown, J.*), which found the issues for the defendants and rendered judgment in their favor, from which the plaintiff appealed. *Error, judgment set aside and cause remanded with direction to refer the cause to the commissioner for an award of compensation.*

Claimant on May 20th, 1922, while employed by the respondent Grange as a carpenter, received an injury arising out of and in the course of his employment, whereby he was totally incapacitated down to the time of the hearing, and will be incapacitated for an indefinite period. Neither party to the contract of employment indicated by written agreement or notice, a refusal to accept the provisions of part B of the Workmen's Compensation Act. The claimant's weekly wage, computed in accordance with the Act, was $33. The respondent Benedict was himself an employee of the Grange.

The respondent Grange is a voluntary association not regularly engaged in the business of constructing buildings, and at and before the date of the claimant's injury was constructing a building for its own use; the work being done partly by members of the Grange, who gave their services voluntarily and did not work under contract, and partly by workmen employed for hire, of whom the claimant was one. The number of such contract employees was not fixed but varied from day to day, and the commissioner's finding contains a schedule showing the number of such employees engaged in the work on each day on which any work was done on the building from the time it was commenced until it was finished. From this schedule and other facts found, the commissioner concluded that the respondent Grange regularly employed less than five employees, and dismissed the claim on that ground alone. On claimant's appeal, the Superior Court

affirmed the award of the commissioner and dismissed the appeal without opinion.

The only substantial reason of appeal is that the court erred because the conclusion of the commissioner, sustained by the court, is inconsistent with the subordinate facts found.

*William Hanna,* for the appellant (plaintiff).

*John S. Addis,* for the appellee (defendant The Metichewan Grange).

BEACH, J.   The Workmen's Compensation Act in § 5342 of the General Statutes, provides that "all contracts of employment between an employer and employee, as such terms are defined in section 5388 of the General Statutes, except those made between an employer having regularly less than five employees and any such employee, shall be conclusively presumed to include a mutual agreement . . . to accept part B and become bound thereby, unless either employer or employee shall, by written stipulation in the contract, or by such notice as is prescribed in section 5343 of the General Statutes indicate his refusal to accept the provisions of part B."

The burden of proof continues to rest on the claimant, who must establish his right to compensation, but since, by the terms of the statute, the acceptance of part B is the rule, and the exemption due to the regular employment of less than five employees the exception to the rule, the claimant will have sustained the burden of proof in that particular, in case it does not appear from the facts found that the condition exists upon which the exemption rests.   Literally, the word "regularly" means in accordance with some constant or periodic rule or practice.   In this case, however, the

commissioner has found that the number of employees varied from day to day, not in accordance with any rule or practice, but that the number was dependent upon whether the employees who worked under contract upon the building were at liberty to and desired to work upon particular days. That being so, we must resort to the schedule showing the number of such employees on each working day, in order to ascertain whether in point of fact the respondent did regularly employ less than five employees.

The schedule shows that continuous work on the buildings commenced on April 20th. During the twenty-seven working days down to the date of the injury, May 20th, inclusive, the number of contract employees working on any one day varied from two to seven. On ten of these days less than five employees were employed, and on seventeen days five or more. During these twenty-seven days there were two periods of two or more consecutive working days when less than five were employed; to wit, on May 1st and 2d, and on May 15th, 16th and 17th. On the other hand, there were five such periods of consecutive working days on which five or more employees were at work; to wit, April 21st and 22d; April 25th, 26th and 27th; May 3d and 4th; May 6th, 8th, 9th, 10th, 11th, 12th and 13th, and May 18th and 19th. On May 20th, the date of the injury, but two were employed.

This schedule, whether taken alone or in connection with the other facts found, entirely fails to show that the respondent was exempted from part B, because it "regularly" employed less than five at and before the time of the injury. On the contrary, the schedule itself shows conclusively that the respondent irregularly employed both less and more than five employees during the period in question; and further, that in so far as regularity in the number of employees can be

evidenced by purely fortuitous repetition, the preponderance of such evidence is in favor of regularity in the employment of five or more.

It is claimed that the commissioner's finding that the respondent regularly employed less than five employees at the time of the injury is a finding of fact, which this court will not disturb. We think, however, that it is not only a conclusion inconsistent with the subordinate facts found, but that it also involves an erroneous interpretation of the statutory term "regularly." In this connection the commissioner's memorandum indicates that he was largely influenced by the fact that the average daily number of employees during the period in question was less than five, and also by the fact that respondent had no definite quota or standard number of employees. These considerations leave out of sight the decisive point that the statute requires regularity in the employment of less than five as the basis of exemption from the provisions of part B. An employer might employ five employees every working day in the year except one, and if on that day alone he employed only four, the average for the year would be less than five. Yet no one could say that he regularly employed less than five during that year. And so if an employer has no regular quota, but employs, at irregular intervals, sometimes more and sometimes less than five, that of itself simply establishes a lack of regularity in their number which may make it difficult for him to bring himself within the statutory exception. The question is not, as the respondent's brief contends, "whether the respondent regularly employed five or more." It is whether, on the facts found, it affirmatively appears that the respondent regularly employed less than five; and for the reasons given we are compelled to answer that question in the negative.

The commissioner for the third district, sitting as

acting commissioner for the fifth district, has found that the claimant's weekly wage computed according to the statute was $33, and has also found that the claimant incurred a bill of $342 for hospital charges. As our decision establishes the claimant's rights to compensation, we think the cause should be referred back to the commissioner for the fifth district with direction to make such award of compensation as the facts already found and the claimant's present incapacity may require.

There is error, the judgment is set aside and the cause remanded with direction to refer the cause to the commissioner of the fifth district for an award of compensation in accordance with this opinion.

In this opinion the other judges concurred, except KELLOGG, J., who concurred in the result, but died before the opinion was written.