LEOPOLD SCHNEIDER vs. ROBERT O. RAYMOND ET AL.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A finding that, in addition to two regular employees engaged in the
    construction of houses upon the defendant's land, there were
    "at least three other employees including the claimant doing
    the work as they were called upon at various times," was too
    indefinite and uncertain to support the conclusion reached by
    the Compensation Commissioner that the defendants "employed
    regularly five or more" and were, therefore, not exempt from
    the provisions of Part B of the Workmen's Compensation Act
    on the ground (General Statutes, § 5342) that they had "regu-
    larly less than five employees."
The statutory exemption relates to the size of the group of persons
    employed throughout the period in question and not to the
    total number of persons who may have entered and left the
    employment from the beginning to the end of the period.
The uncontradicted testimony disclosed that, of the seven em-
    ployees engaged at various times in the construction of the
    houses, no more than four actually worked on any one day
    prior to the plaintiff's injury, and there was no evidence that,
    of those who worked irregularly, any was steadily employed in
    the sense of being under contract to serve whenever called
    upon. *Held* that the conclusion was inescapable that the de-
    fendants regularly employed less than five.

Argued June 2d—decided July 30th, 1925.

APPEAL by the defendant from a finding and award
of the Compensation Commissioner of the fourth dis-
trict in favor of the plaintiff, taken to and heard by
the Superior Court in Fairfield County, *Banks, J.;*
appeal dismissed and judgment rendered for the plain-
tiff, from which the defendants appealed. *Error;
judgment to be entered for defendants.*

The claimant was employed as a blaster by the re-
spondents, Raymond and Davenport, who were en-
gaged jointly in building two houses on land owned
by them. Claimant received an injury causing loss

of vision in both eyes, while attempting to relight a fuse which he mistakenly supposed was not lighted. Respondents contended, first, that they were not subject to Part B of the Workmen's Compensation Act, because they regularly employed less than five employees; and second, that the claimant was in no event entitled to compensation because his injury was caused by his wilful and serious misconduct.

The commissioner found that the respondents, on the work in question, regularly employed five or more, and that the claimant's injury arose out of and in the course of his employment, and not out of any wilful or serious misconduct on his part.

Respondents moved to correct the finding in these respects, and the motion was denied. All the testimony was certified to the Superior Court on respondents' appeal, and that court sustained the findings and award of the commissioner.

*John H. Light,* with whom, on the brief, was *George H. Vosburgh,* for the appellants (defendants).

*Nehemiah Candee,* with whom was *John T. Dwyer,* for the appellee (plaintiff).

BEACH, J. In the view which we take of the case it is only necessary to discuss the first reason of appeal; that the court erred in refusing to correct paragraph eight of the commissioner's finding so as to show the subordinate facts from which the commissioner concluded that the respondents regularly employed five or more.

The commissioner's finding on this issue is as follows: "8. Charles Morris, who was doing the mason work, with a driver who carted sand and stone, was not a contractor. He was working under the direct

supervision and orders of the respondents, and both he and his driver were employees under the terms of our Compensation Act. In addition to these two men, there were at least three (3) other employees, including the claimant, who worked on this job, and who, at the time of the accident, were employees of the respondents, and doing the work as they were called upon at various times. Therefore the respondents come within the scope of the Compensation Act, because on this particular work, they employed regularly five or more."

This finding is stated in terms of uncertain meaning, for it is not clear what is meant by the phrase "doing the work as they were called upon at various times," when used as a reason for the conclusion that on the particular work in question the respondents regularly employed five or more. Does it, or not, mean that at various times all five were simultaneously so employed? We think the respondents were entitled to the correction asked for, to clear up this ambiguity.

There is no conflict of testimony as to the subordinate facts. The respondents employed at various times seven different employees in the course of the work, up to November 24th, 1922, the day of the injury. Schneider, the claimant, Morris, a mason, and Stumpf, a carpenter, had been continuously employed for about six weeks. Ungary, a plumber, was employed from October 10th to October 15th, and not afterward, before the injury. Ferris, a truckman, hauled stone and sand for one and one half days in October, and furnished a substitute for the other half of the second day. Ferris is the person referred to as Morris' driver in the finding. Lengyel hauled stone or sand for five days in November. Lynch, a laborer, worked half a day in November on one occasion when the claimant was absent. These are the only em-

ployees named in the claimant's brief as employed on the work prior to the injury. Ferris, Lengyel and Lynch are unable to give the days of the month on which they worked. There is no testimony tending to show that any two of the four last named employees worked on the same day or days. On the contrary, the uncontradicted testimony is that the claimant was absent when Lynch was put in his place for half a day in November; and since Lengyel was the only other of the four part time employees to work in November, the testimony excludes the possibility of more than four employees on any day in that month. It is possible that Ferris or his substitute may have put in one or both of their two days' work in October between the 10th and 25th, when Ungary worked; but there is no direct or circumstantial evidence to that effect. In short, there is no evidence that the respondents employed more than four on this work on any day prior to the injury.

Nor is there any evidence which would support a possible construction of the finding that any one of the four last named persons was in the employ of the respondents, in the sense of being under contract to work whenever called upon. Morris did the mason work under contract for a fixed price, and hired and paid Ferris, who was a truckman by trade, in part performance of his contract. Lengyel was regularly employed and paid as a farm hand by a Mrs. Lawton, from whom Morris hired a team and driver to cart sand or stone, also in part performance of his contract. She furnished Lengyel as driver. Ungary was a plumber by trade. Lynch had not worked for the respondents for four years until his half day in November. Except as stated, it does not appear that any one of these four men was ever employed by the respondents prior to claimant's injury.

We have analyzed the testimony in this detail because it seems to be supposed that our recent decision in *Green* v. *Benedict,* 102 Conn. 1, 128 Atl. 20, supports the conclusion of the commissioner and the Superior Court. In that case, however, all the subordinate facts as to the number employed on each day during the period there in question were set forth in a schedule made part of the finding, from which it appeared that the respondents in that case employed five or more on a greater number of days than they employed less than five; no constant or periodic practice as to the number of employees being discoverable, and upon that finding we held that the respondents were not brought within the statutory exception in favor of persons regularly employing less than five. As the reasoning of that opinion necessarily implies, the statutory exception refers to the size of the group of persons employed throughout the period in question, and not to the total number of persons who may have entered and left the employment from the beginning to the end of the period. Here there is no evidence that the size of the group employed ever exceeded four, prior to the claimant's injury, and if the finding were corrected by setting forth the undisputed subordinate facts, it would require the conclusion that the respondents regularly employed less than five.

There is error, the judgment is set aside, and the cause remanded with direction to vacate the award and enter judgment for the respondents.

In this opinion the other judges concurred.