GENNARINO SORRENTINO *vs.* CARMINO CERSOSIMO
ET AL.

First Judicial District, Hartford, October Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and JENNINGS, JS.

The finding of a compensation commissioner should never contain his memorandum of opinion and should always set forth the subordinate facts upon which his conclusions are based.

In the present case, the commissioner's finding consisted of his conclusions and his memorandum of opinion, which alone contained the subordinate facts. Upon plaintiff's motion, the commis-

sioner struck out the memorandum *in toto* and ruled that this eliminated the necessity of passing upon the plaintiff's further motion to correct the subordinate facts recited therein. *Held* that this ruling was correct and that, in the absence of the subordinate facts or of a refusal by the commissioner, upon proper motion, to incorporate them in his finding, there was no reviewable question presented upon appeal, since without such facts neither the Superior Court nor this court could determine the validity of the commissioner's conclusions, the evidence certified being entirely incompetent for such a purpose.

The duty of one who moves to correct the finding of a commissioner, to file an official transcript of the evidence relating to the corrections desired, is not fulfilled by the filing of what purports to be an unofficial copy of all the evidence, since the commissioner should not be required to cull out such portions as relate to the claims in question or to make a comparison of the copy with his own official transcript; nor should the Superior Court, upon appeal from the denial of a motion made under such circumstances, order the commissioner to file a transcript of the evidence.

To support the conclusion that an employer is exempt from the Compensation Act on the ground that the total of his employees is less than the statutory number, it must affirmatively appear from the subordinate facts that he regularly employs less than five.

This exemption relates to the size of the group of persons employed throughout the period in question and not to the total number of persons who may have entered and left the employment from the beginning to the end of the period.

Argued October 6th—decided October 17th, 1925.

APPEAL by the plaintiff from a finding and award of the Compensation Commissioner for the first district in favor of the defendants, taken to the Superior Court in Hartford County and tried to the court, *Dickenson, J.;* appeal dismissed and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

*Ralph O. Wells,* for the appellant (plaintiff).

*Frank Covello,* with whom, on the brief, was *Francis A. Pallotti,* for the appellees (defendants).

Sorrentino *v.* Cersosimo.

WHEELER, C. J. The appeal record does not present the question which the claimant desires to have reviewed by us, which is, whether the commissioner's finding that the defendants employed regularly less than five employees and his consequent dismissal of the plaintiff's claim, was error. The commissioner in his finding, in paragraph ten, found that the defendant partnership employed only two persons, and in paragraph eleven that the partnership employed regularly less than five employees. He omitted to find the subordinate facts upon which these conclusions rested, but incorporated them in his memorandum of opinion. The finding should not contain the memorandum of opinion and should contain the subordinate facts upon which his conclusions are based. *Pettiti* v. *Pardy Construction Co.*, 103 Conn. 101, 104, 130 Atl. 70. The plaintiff should have moved to correct the finding by striking out the memorandum of decision and inserting what he claimed the subordinate facts to be by which the conclusions in paragraphs ten and eleven which he claimed to be erroneous must be tested. Instead of this motion, he moved to correct by striking out the memorandum of decision or correcting the facts stated therein in a number of particulars. The commissioner granted his request and struck out the memorandum of decision and held that this ruling eliminated the necessity of consideration of the amended motion to correct. The commissioner's ruling that the striking out of the memorandum avoided the occasion for passing upon the amended motion to correct, since that related exclusively to corrections of the memorandum, was correct. Thereupon the plaintiff took his appeal to the Superior Court, assigning as error the commissioner's refusal to correct the finding as to the two conclusions referred to and as to various facts in the memorandum which had been struck out on plaintiff's motion. If

the commissioner had refused to find the subordinate facts, the plaintiff would have had a good ground of appeal. *Schneider* v. *Raymond,* 103 Conn. 49, 130 Atl. 73. The trial court ordered the commissioner to file a transcript of the evidence, although the plaintiff did not at any time file a transcript of the evidence relating to the several corrections desired, but did file what purported to be a copy of all the evidence, thus requiring the commissioner to cull out the evidence relating to the several corrections claimed and to make comparison of all the evidence with his own official transcript. Counsel may not in this way shift the burden which under our practice rests upon him to the commissioner. We think the court was wrong in ordering the commissioner to file a copy of this evidence under these circumstances. Further, if this had been an official transcript of the evidence, the Superior Court could not have used it in order to determine whether the conclusions reached by the commissioner were correct. The conclusions are to be tested by the subordinate facts and by them alone. The evidence can be used on appeal to the Superior Court for the purpose of correcting the subordinate facts and for no other purpose. Since no subordinate facts from which the conclusions were drawn are found, and none of the claims for corrections of the finding request their incorporation in the finding, and the appeal is not predicated upon the ruling of the Superior Court in refusing to order these, and no reason of appeal is based upon the ground that the subordinate facts do not support the conclusion stated in paragraph eleven of the finding, that "the partnership employed regularly less than five employees," there is no reviewable question raised by this appeal. It is quite true that the facts found as to the employment regularly of less than five employees must show that "the condition exists upon

which this exemption rests." We cannot test the conclusion by the subordinate facts found unless we can find this point raised in the reasons of appeal. There is no way by which we can consider the question which the appellant desires us to review, viz.: whether the conclusion "that the partnership employed regularly less than five employees" is supported by the evidence. If we were testing this conclusion by the subordinate facts, the test would be whether, upon all the facts found, it affirmatively appeared that the employer regularly employed less than five. Neither the average daily number of employees, nor whether there is a definite quota or standard number of them, is the test. *Green* v. *Benedict,* 102 Conn. 1, 5, 128 Atl. 20. The exemption "refers to the size of the group of persons employed throughout the period in question, and not to the total number of persons who may have entered and left the employment from the beginning to the end of the period." *Schneider* v. *Raymond,* 103 Conn. 49, 51, 130 Atl. 73. If the facts in this case were as plaintiff's counsel claimed them in argument to be, we should have no difficulty in holding, after applying the test of *Green* v. *Benedict, supra,* that these facts affirmatively show that the defendant employer did have regularly less than five employees.

There is no error.

In this opinion the other judges concurred.