## THELMA LOUTH *vs.* THE G. AND O. MANUFACTURING COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The compensation commissioner found that the decedent, who was twenty-two years of age and in good health, worked during a week of excessively hot weather in a low-ceilinged room with fifty other employees, nine of whom were engaged, as was the decedent, in soldering radiator fronts with torches which radiated great heat so that the temperature of the room, even after the expiration of the week in question, was considerably higher than that of the outside air, subjecting him to excessive heat and reducing his powers of resistance; and that at nine-thirty o'clock on the second morning of the following week, he left his work, returned to his home, complained of a headache, threw himself upon his bed, went into a state of coma and shortly thereafter died. The commissioner concluded that his death was due to heat exhaustion arising out of and in the course of his employment. *Held*:

1 That, in the absence of findings as to whether the conditions under which the decedent worked were likely to produce heat prostration, and as to whether he had displayed the usual symptoms of this disease, the commissioner's conclusion was not supported by the subordinate facts.

2. That, under our practice, the transcript of the evidence attached to the record could only be considered in connection with the motion to correct the finding and not for the purpose of supplying these omissions and, hence, the case must be returned to the commissioner for additions to, and correction of, his finding.

Argued April 15th—decided May 29th, 1926.

APPEAL by the defendants from a finding and award of the compensation commissioner of the third district in favor of the plaintiff, taken to the Superior Court in New Haven County and tried to the court, *Simpson, J.;* judgment rendered for the plaintiff, and appeal by the defendants. *Error; cause remanded to Superior Court with direction to set aside the judgment and sustain the appeal and return the cause to the com-*

*missioner for further action in accordance with this opinion.*

*Arthur B. O'Keefe* and *Thomas R. Robinson,* for the appellants (defendants).

*James E. Wheeler,* for the appellee (plaintiff).

WHEELER, C. J. The finding of the commissioner sets forth these facts: The deceased, Louth, worked for the defendant manufacturing company at soldering automobile radiator fronts. Louth and nine other employees in the same room were engaged in soldering with a torch, each torch generating a heat of 275 degrees Fahrenheit where the soldering was being done. The material they were at work upon was placed on a metal plate, and both it and the plate became very hot and radiated heat. The temperature of the room at the place where deceased was working was considerably higher than the temperature of the outside air. There were about fifty employees besides the deceased working in this room, which had a low ceiling. From June 1st to June 7th, 1925, inclusive, the weather in New Haven was excessively hot, the temperature ranging from 62 to 98 degrees Fahrenheit.

On June 9th, 1925, the deceased went to work at seven o'clock as usual. Although the heat of the outside air was not excessive on June 8th and 9th, the room in which the deceased worked was hot, and he was subjected to excessive heat in working with this torch. He was twenty-two years of age, and had been in good health up to June 1st, 1925. His resistance was worn down by his work during the period between June 1st and June 9th, 1925, under conditions of heat in the room where he worked, which was considerably greater than the temperature of the outside air. The death of Louth was due to heat exhaustion arising out

of the conditions of his employment and in the course of his employment.

The commissioner denied defendants' motion to correct the finding, and their appeal to the Superior Court raised the questions involved in the denial of their motion to correct, and the further reason that the commissioner erred in holding that the death of Louth was due to heat exhaustion arising out of the conditions of his employment and in the course of his employment. The Superior Court affirmed the award and dismissed the appeal, and defendants' appeal to this court raises the same questions raised in the appeal to the Superior Court. Two of the matters contained in the motion to correct should have been allowed. The description of the heat of 275 degrees Fahrenheit should have been followed by the statement that this was "at the point of the torch." The finding should also have been corrected by adding: "Said Howard Louth worked in said factory and in the soldering room thereof during the week beginning June 1st and ending June 6th, and made no complaint of any kind to his foreman concerning the condition of said room, and that said week . . . was the hottest week of the summer, and during said week there was no apparent change in his physical condition, and during said week . . . the foreman of said room went to Louth, personally, and to the other men employed by him in said room, and told them that they need not work unless they saw fit, and that if the heat bothered them that they could go home." There was no error in refusing to allow the rest of the motion to correct. Neither of the corrections allowed would change the result reached by the trial court. The remaining assignment, if well taken, would change the result reached.

The finding that the death of Louth was due to heat exhaustion is unsupported by the subordinate facts.

From them it appears that he was only twenty-two years of age, in good health, and had been working in a room which was excessively hot, at work which radiated excessive heat, and in a period of unusual heat. As a consequence his power of resistance was worn down by his work under these conditions. On June 9th he began work as usual at seven o'clock and at nine-thirty returned to his home, complained of a headache, threw himself upon his bed, went into a state of coma, and died within a half hour.

Whether these conditions of heat would produce, or were likely to produce, heat prostration, the finding does not state. Nor does it state the usual symptoms of a sudden and acute form of this disease, nor that Louth had any of these symptoms, unless coma and headache be symptoms. Evidently the commissioner and the court were of the opinion that all that it was necessary to state in the finding was the fact that the death was due to heat exhaustion, without giving the subordinate facts from which this conclusion of fact could be tested.

In determining the errors assigned in the refusal to allow the motion to correct, we were required to read with care the evidence, being all of the evidence offered before the commissioner. It is evident that the commissioner accepted, as he had the right to do, the medical testimony offered by the plaintiff rather than that offered by the defendants. The cause of heat prostration, the ordinary symptoms present in this disease, and those present in this case, the absence of any other cause of death than the heat prostration, in short, the grounds of the opinion of the medical experts offered by the plaintiff, were all covered in their testimony. If the commissioner accepted their conclusion as to the cause of death, and had included the grounds of their opinion in his finding, his conclusion

based on his finding as thus made would have amply supported his ultimate conclusion that the death of Louth did arise out of and in the course of his employment. The subordinate facts must support this conclusion. We cannot find facts from evidence. We may correct a finding if it appears that it does not present the questions of law decided by the trial court, or that material facts have been found without evidence, or proved and not found. General Statutes, § 5831. We are then passing on errors of law made by the trial court, and not finding facts as such. The questions arising on appeal to us in compensation cases are often exceedingly close and not infrequently dependent for solution upon the finding of the commissioner. Cases which are likely to reach the Superior Court should be presented to the commissioner with the same care counsel would exercise in presenting a case of moment to the Superior Court, and the finding of the commissioner should be made with the utmost fairness and care. The finding before us has the merit of orderly compactness; it is, as we have said, somewhat abbreviated, due evidently to a misconception of the commissioner as to the need of incorporating the subordinate facts from which the conclusion of the ultimate fact of the cause of death was drawn. Without these facts, the subordinate facts do not legally or logically support the ultimate fact that the death of Louth arose out and in the course of his employment. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 93 Atl. 245; *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 122 Atl. 63.

There is error, the cause is remanded to the Superior Court with direction to sustain the appeal and return the case to the Commissioner for further action in adding to and correcting his finding in accordance with this opinion.

In this opinion the other judges concurred.