GRACE FISHER *vs.* FLORENCE W. SARGENT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 6th—decided November 7th, 1933.

*Ellsworth B. Foote* and *John Clark Fitzgerald,* with whom, on the brief, was *David E. Fitzgerald, Jr.,* for the appellant (plaintiff).

*Stanley Daggett,* with whom, on the brief, was *J. Dwight Dana,* for the appellee (defendant).

MALTBIE, C. J. The sole issue presented upon this appeal is whether or not the compensation commissioner was correct in holding that the employment of the plaintiff by the defendant was not within the terms of the compensation law, a decision which he based upon the ground that the defendant had "regularly less than five employees." General Statutes, § 5227. It is agreed that the defendant regularly employed three persons, a cook, a waitress and a chauffeur. In addition she employed a hairdresser who came to her home to dress her hair every Tuesday except when the defendant was out of town or ill, and a seamstress who came to the home one Monday a month and stayed all day. The hairdresser practiced her profession by appointment in the homes of her customers, and the seamstress carried on her trade by appointment at the homes of her customers or at her own home.

The exception in the statute looks primarily to the number of employees the particular employer has and only incidentally to the circumstances of the employment of each. See *Green* v. *Benedict,* 102 Conn. 1, 128 Atl. 20; *Schneider* v. *Raymond,* 103 Conn. 49, 130 Atl. 73; *Sorrentino* v. *Cersosimo,* 103 Conn. 426, 130 Atl. 672; *Guse* v. *Industrial Commission,* 189 Wis. 471, 205 N. W. 428; *LaCroix* v. *Frechette,* 50 R. I.

90, 93, 145 Atl. 314; *Vandergriff* v. *Shepard*, 39 Ga. App. 791, 148 S. E. 596. In *Schneider* v. *Raymond, supra,* p. 53, we said of the decision in *Green* v. *Benedict, supra:* "As the reasoning of that opinion necessarily implies, the statutory exception refers to the size of the group of the persons employed throughout the period in question, and not to the total number of persons who may have entered and left the employment from the beginning to the end of the period. Here there is no evidence that the size of the group employed ever exceeded four, prior to the claimant's injury, and if the finding were corrected by setting forth the undisputed subordinate facts, it would require a conclusion that the respondents regularly employed less than five." Such was the situation in the case before us. The hairdresser came to the defendant's home only on Tuesdays, the seamstress only one Monday a month, and except when they were there, they were not in her employment. This case is not like *Green* v. *Benedict, supra,* where at times the employer had five or more employees and at times less. On no day did the size of the group employed by the defendant ever exceed four. To go no further, it is clear that the decision of the trial court in dismissing the appeal was correct.

There is no error.

In this opinion the other judges concurred.