## SALVATORE EANELLO
vs.
## WILLIAM H. CRUTE, ET AL.

Superior Court      New Haven County      File #44087

Present:   Hon. JOHN RUFUS BOOTH, Judge.

A. W. Cretella,                    Attorney for the Plaintiff.

D. L. O'Neill,
T. R. Robinson            Attorneys for the Defendant.

## MEMORANDUM FILED FEBRUARY 18, 1935.

BOOTH (JOHN RUFUS), J.  The action is an appeal from a Supplemental Finding and Award of the Compensation Commissioner for the Third Congressional District made and Filed in this Court on May 16th, 1934.

The reasons of appeal as filed appeared to be based upon two claims; first, that while the Commissioner ordered the plaintiff to submit to an operation for herniae before May

22nd, 1934, under penalty of forfeiture of further compensation, the evidence failed to disclose that a further operation would correct the claimant's condition, and second, that said order of the Commissioner was in abuse of his power.

In support of these claims the claimant has annexed to his appeal a transcript of all of the evidence taken at the hearing before the Commissioner on April 24th, 1934.

An examination of the file disclosed there was no motion to correct the Finding but that an appeal was taken from the Finding as made. In the absence of a motion to correct the Finding the evidence submitted can not be considered. Under our practice the transcript of the evidence attached to the record can only be considered in connection with a motion to correct the Finding. (Louth vs. The G. & O. Manufacturing Co. 104 Conn. 459.)

The first of the appellant's claims therefore seeks relief from the Court through a correction of the Finding which in the absence of a proper motion can not be granted.

The second claim presents a question which essentially is whether the Commissioner reached an illegal and illogical conclusion from the subordinate facts contained in the Finding and Award. If the conclusion is not of this character it can not be disturbed by this court on appeal. (Sorrentino vs. Cersosimo, 103 Conn. 429.)

An examination of the Finding as filed discloses that the Commissioner has found that under a previous Finding and Award Filed June 5th, 1930, Dr. Francis H. Reilly was designated to treat the claimant and that the claimant has been under his care ever since; that Dr. Reilly and Dr. William F. Verdi have, during the past winter, repeatedly advised the claimant to submit to an operation for the herniae from which he is suffering; that if the herniae are corrected the chances of the claimant's recovery will be greatly increased; that the surgical treatment for the correction of said herniae offered by the respondents is proper, reasonable and necessary, and that the claimant has refused to accept the same and submit to the recommended operation.

These facts appear to amply support the conclusion contained in the order as made. That such an order may be made under certain circumstances there can be no question. While the precise issue concerning the authority to make the order

does not appear to have been passed upon by the Supreme Court of this State, in England and Scotland where Workmen Compensation Laws similar to ours are in operation, the Courts of these jurisdictions have since 1902 sustained orders by Compensation Commissioners as indicated by a list of cases appearing in a note on pages 139, 140 and 141 in LRA 1916—A. In the case of Donnelly vs. Baird, 1908 Scotch Cases, 536, it was held:

> "If the operation is not attended with danger to life and health or extraordinary suffering and if according to the best medical or surgical opinion the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employer from the obligation to maintain him."

The determinative question in respect to the propriety of issuing such orders seems to be whether, in view of the circumstances, the refusal of the claimant to submit to the operation offered is reasonable or unreasonable.

In the present case the Commissioner has found that the treatment offered the claimant was proper, reasonable and necessary, in view of which it can not be said that the issuance of the order in question was an abuse of his power. For the foregoing reasons the claimant's second claim must be overruled.

It is therefore adjudged that the appeal be and the same is hereby dismissed.