NOLEN JENKINS *v.* FREDERICK REICHERT ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 5—decided March 8, 1939.

*J. Kenneth Bradley,* with whom, on the brief, were *William Reeves* and *Samuel G. Payne,* for the appellants (defendants).

*Leo Nevas,* with whom, on the brief, was *Bernard A. Nevas,* for the appellee (plaintiff).

HINMAN, J. The amended complaint alleged and the plaintiff offered evidence to prove that he was employed by the defendants, who are husband and wife, in the excavation of a cellar and while so engaged was injured by the falling upon his foot of a large stone which, he alleged, the defendants negligently left in a precarious position; also that the defendants regularly employed five or more employees but failed to conform to the provisions of the Workmen's Compensation Act, General Statutes, Cum Sup. 1935, § 1615c, which requires either proof of financial ability to pay compensation or security or insurance therefor. One of the plaintiff's claims, on the evidence, was that the defendants were partners in the building contracting business. The defendants claimed to have proved that the plaintiff was employed by the named defendant alone, that he regularly employed less than five, and that the other defendant, Della Reichert, was in no way connected with the business, also that the plaintiff

was negligent in the manner in which he excavated around and under the stone. Answers to interrogatories reveal that the jury found that Mrs. Reichert was a business partner of her husband, that they regularly employed less than five, and that the plaintiff was not guilty of contributory negligence. The verdict, consequently, was for the plaintiff against both, and a motion to set it aside was denied.

The defendants assign error in failing to charge specifically that it was the duty of the plaintiff to be reasonably watchful of his surroundings and his conduct as to contributory negligence was to be judged by what he should have known, as well as what he actually knew, and, in that connection, that the jury should take into account a warning testified to as having been given, in his presence, to the defendants' foreman as to the precarious position of the stone. As to this phase of the case the trial court called attention to the defendants' claims pertaining thereto including that the plaintiff was experienced in excavation work, that the position of the stone was plainly to be seen and was known to the plaintiff, that he was warned by the defendants' son as the stone started to move, and that he was injured by his own inattention and carelessness; it then instructed the jury that if they found that the defendants regularly employed less than five employees, the plaintiff must prove not only negligence of the defendants but also "that no negligence of his own was the proximate cause of his injuries, failure to prove which will bar the plaintiff from recovering. . . ." Especially in the absence of a request to charge specifically as now contended for, the charge given was not insufficient to the purposes of the case on the subject of contributory negligence. No claim is made in brief or argument that the plaintiff assumed the risk of injury. *Belevicze*

v. *Platt Bros. & Co.*, 84 Conn. 632, 637, 81 Atl. 339. The question of contributory negligence was one of fact and the state of the evidence, construed, as it concededly must be, most favorably to the plaintiff, was not such as to preclude a plaintiff's verdict, so far as concerns that element of the case.

The defendants requested a charge that in order to find a partnership existing between them it must be found that they "had made an agreement or understanding between themselves by which they were jointly undertaking the job . . . and that all acts and things necessary to be done in connection with this work were done in both their names and with the expectation that both would profit from their joint enterprise, and that both would share in the profits and losses, if any." To so charge would have been erroneous. Profit-sharing is not only not the sole but not even an essential test of the existence of a partnership. *Active Market, Inc.* v. *Leighton*, 124 Conn. 500, 504, 200 Atl. 822. Doing of business in the names of all the partners is patently nonessential. It is sufficient, so far as concerns third persons, if the parties have shown by a course of dealing a relation of principal and agent each to the other. Idem, 505. The charge defined partnership as "a combination by two or more persons of capital, labor or skill for the purpose of business for their common benefit," and stated that there must be a contract or agreement, written or oral, between them in order that there be a partnership, and that in order to recover against Della Reichert, as a partner with her husband, the plaintiff must prove an agreement of partnership between them in the building business. The appellant does not attack the charge on this subject except the refusal of the request above discussed.

The verdict as against Della Reichert obviously was

the result of the conclusion, evinced by answers to the interrogatories, that she was a partner with her husband in the contracting business. It was contended in support of the motion to set aside the verdict and upon this appeal from its denial that the evidence was insufficient to support this conclusion and with this we agree. The only evidence which might be claimed as at all indicative of a partnership relation consisted of the fact that the truck used upon this and other jobs was registered in the name of the wife and included, with a pleasure car admittedly owned by her, in her town tax list for 1935, 1936, and 1937, as was a tractor in the list for 1935, plaintiff's testimony that she paid him some money when he was working on another, previous job, and admission that she had signed or indorsed a note or notes of her husband payable to a grain company, but which, she testified, without contradiction, were for oil for a furnace, apparently in the home. Although evidence was introduced by the defendants, including a receipted bill in Frederick's name, for the truck in question, that he was its sole owner, and that the truck item in the tax lists was written in by one of the assessors, the jury were justified in accepting the registration and tax lists as sufficient basis for a finding of ownership by Mrs. Reichert. *Dunn* v. *Santamauro,* 119 Conn. 307, 308, 175 Atl. 913; *Chouinard* v. *Wooldridge,* 102 Conn. 66, 70, 127 Atl. 908; *Waterbury* v. *O'Loughlin,* 79 Conn. 630, 633, 66 Atl. 173; *Union School District* v. *Bishop,* 76 Conn. 695, 698, 58 Atl. 13. However, granting this, and attributing to the other evidence the effect most favorable to the plaintiff, we regard it as inadequate to afford the indicia of a partnership relation necessary to establish it by any of the legitimate tests. As the trial court pointed out in the charge, the defendants being husband and wife, acts

and circumstances between them have not the significance which could attach to them if between strangers and even if the jury found that the wife was the owner of the truck and that she made the payment to the plaintiff which he claimed, those facts are not enough, in themselves, to prove that she was a business partner with her husband, or to enable the jury to infer therefrom that there was such a relationship between them. Examination of the evidence does not disclose, nor does the plaintiff point out, other facts which, added to these, would enable the jury reasonably to find that the wife was a business partner with her husband. For this reason the verdict as against her should have been set aside.

The court charged that a verdict, if in favor of the plaintiff, must be against Frederick alone or against both, and error is assigned that the charge did not authorize, also, a verdict against Della alone. The facts claimed to have been proved, as revealed by the finding, were not such as to warrant a verdict against Della alone either as sole employer or as principal of Frederick as her agent, and the limitation as to possible verdicts was proper. The finding in *Tomlin* v. *Hukolo*, 124 Conn. 694, 2 Atl. (2d) 223, on which the defendants rely, distinguishes it from the present situation. Moreover, the more specific statement filed by the plaintiff in response to a motion alleged that he was in the employ of both defendants and that the acts and omissions alleged were those of the defendants jointly.

The defendant Della Reichert having denied that she ever owned the truck used on the job and claimed that it was bought and owned by her husband, the plaintiff offered in evidence tax lists as of October 1, 1935, 1936, and 1937 signed by her and including the truck among the property listed, and they were ad-

mitted over defendants' objection—as to the 1935 list which is the only one as to which appeal is pursued —that it was irrelevant, and, the injury having occurred in October, 1936, too remote to be admissible. Such a list affords some evidence of ownership and it therefore was relevant to the issue of partnership, although of itself insufficient to establish it, and, especially as pertaining to a claimed continuing relation such as that of partners, not too remote to be admissible in the discretion of the court. *Knox* v. *Binkoski,* 99 Conn. 582, 586, 122 Atl. 400.

Admission of testimony of a witness, Toth, that the day before the accident he had told Gallo, who, there was evidence to prove, acted as foreman on the job in the absence of Reichert, that the stone should be removed before someone was injured, is assigned as error. It was not hearsay, as the defendants claim, and was admissible as tending to impute to the defendants notice of the situation and its potential dangers. *Belevicze* v. *Platt Bros. & Co.*, supra, 638; *Stedman* v. *O'Neil,* 82 Conn. 199, 206, 72 Atl. 923, 22 L. R. A. (N. S.) 1229. The finding does not disclose what answer was made by the plaintiff to a question, also excepted to, as to what he heard Toth tell Gallo, so no error can be predicated upon the ruling admitting it. *Lusas* v. *St. Patrick's Roman Catholic Church Corp.,* 125 Conn. 206, 210, 4 Atl. (2d) 333.

The plaintiff filed a bill of exceptions relating to his requests to charge and the charge as given, and the material points therein remain to be noticed. Although probably inferable, the instruction as to the necessity of a contract or agreement of partnership between the defendants might well have included, as the plaintiff suggests, that it may be express or implied. Although the exception in § 5227 of the General Statutes is of "an employer having regularly less than five

employees," reference in the charge, instead, to "any employer who regularly employs five or more employees" is to be regarded as equivalent and involving no prejudice to the plaintiff; however, the substitution is not to be commended and adherence to the words of the statute should be observed. A requested charge that in determining the number of employees of the defendants the employees of subcontractors are to be included was rightly refused. While § 5230 of the General Statutes makes a "principal employer" liable, under prescribed conditions, for compensation to employees of a contractor or subcontractor by or through whom he procures work to be done, § 5227, supra, refers to " 'the number of employees the particular employer has.' " *France* v. *Munson,* 125 Conn. 22, 29, 3 Atl. (2d) 78; *Fisher* v. *Sargent,* 117 Conn. 496, 497, 168 Atl. 877. Also "regularly" as used therein means " 'in accordance with some constant or periodic rule or practice' " covering such period of time as is reasonable under the circumstances. *France* v. *Munson,* supra, 29; *Green* v. *Benedict,* 102 Conn. 1, 3, 128 Atl. 20. A contractor or subcontractor is "the sole employer of his own workmen, having the exclusive right of hiring, controlling and discharging them, and the exclusive responsibility for their wages." *Coady* v. *Igo,* 91 Conn. 54, 56, 98 Atl. 328. They are not employees of the principal employer, but are merely protected by § 5230 in the matter of recovery of workmen's compensation, by a right of resort to the principal employer therefor. *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 133, 157 Atl. 860. Also, inclusion of them in the computation of the number "regularly" employed by the principal would be inappropriate to the meaning of the term as we have construed it and impracticable of application.

A large part of the voluminous transcript of testimony printed in the record is in no way relevant to any issues presented upon the appeal.  Even though the printing of this additional testimony has no effect upon the costs to which the appellants are entitled (General Statutes, § 5692), we repeat what we have often said, that the printing of testimony irrelevant to the issues upon the appeal imposes an improper burden upon the officers of the court whose duty it is to prepare the record and upon this court in its study of the evidence.  It is the duty of counsel to see to it that nothing is included in the record which is not necessary for the proper presentation of the assignments of error.  Practice Book, § 379.

There is error as to the verdict against Della Reichert and it is set aside and a new trial ordered as to that defendant only.

In this opinion the other judges concurred.