## NICOLA D'ADDARIO
*vs.*
## LYNN B. ABBOTT

Superior Court      Fairfield County      File No. 60469

MEMORANDUM FILED MARCH 25, 1941.

*David R. Lessler,* of Bridgeport, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendant.

FOSTER, J. By due process of law in an action of the First National Bank and Trust Company, executor of the last will and testament of Mary C. Graves, deceased, against Louisa M. D'Addario, the defendant in this action attached as the property of Louisa D'Addario a coupe and dump truck described in the complaint in this action. Nicola D'Addario, husband of Louisa D'Addario, brings this action of replevin, claiming that such property belongs to him and not to his wife.

The property was purchased in the name of Louisa D'Addario, registered by her in her name with the Motor Vehicle Commissioner and assessed by the City of Bridgeport in her name. Nicola D'Addario is a contractor engaged in the business of excavating and blasting rock. He uses the coupe and truck, but he caused them to be bought by his wife, so that they would not be subject to attachment, in the event that suit was instituted against him by any one.

In answer to questions by the court the plaintiff testified as follows:

"Q—Let me understand you. You put this car and truck in your wife's name so that it could not be attached? A—Right.

"Q—So that if anybody had attached it for any debt of yours, why, then you would have said it was in your wife's name and belonged to her? A—Yes.

"Q—So that it couldn't be attached. A—You know it couldn't be attached so that I would have the stuff to work with.

"Q—I know, but if anybody started to attach it as your property then you would have said it belonged to your wife? A—That's right."

"Although evidence was introduced by the defendants, including a receipted bill in Frederick's name, for the truck in question, that he was its sole owner, and that the truck item in the tax lists was written in by one of the assessors, the jury were justified in accepting the registration and tax lists as sufficient basis for a finding of ownership by Mrs. Reichert." *Jenkins vs. Reichert,* 125 Conn. 258, 262.

"The Court of Chancery found that the conveyance was made with the intent of a trust for the wife and all the children

of Griffin, but also with the intent on his part to put the property out of the reach of business creditors. The evidence on the latter point was to the effect that Griffin had declared an intention to put the property in his son's name as a home for the family, protected from the hazards of his business. It was held that 'by the complainants' own showing....the conveyance was made by the father with intent to hinder and defraud possible future creditors. In such a case it is well established that equity will not decree a reconveyance either to the grantor or the grantor's heirs, even though no creditors have in fact been affected.' " *Gest vs. Gest,* 117 Conn. 289, 299.

It is conceded that, when replevied, the value of the truck was $150, and the value of the coupe was $550. No evidence was presented as to any depreciation in value of the vehicles as claimed in the counterclaim.

Judgment is rendered in favor of the defendant upon the complaint, and judgment is rendered in favor of the defendant upon the counterclaim that the plaintiff return the vehicles unto the defendant.