ALBERT OLIVER v. THE KOPPEL PHOTO ENGRAVING
COMPANY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 15006
AT WATERBURY

Memorandum filed August 16, 1946.

*Albert Oliver,* of New York, for the Plaintiff.

*Farrel J. LeRoy,* of Hartford, and *Samuel H. Platcow,* of
New Haven, for the Defendant.

QUINLAN, J. If the former commissioner had no authority
to sit on the remand it would be a waste of time to consider
the other matters raised by the appeal. I therefore dispose of it
first. The power rests on § 5242 of the General Statutes if at
all. Notwithstanding the likeness of the language to that con-
cerning judges in a similar situation, the case of *Glodenis v.
American Brass Co.,* 118 Conn. 29, 38, says: "Under the stat-
ute he thereby took jurisdiction to hear and decide the case,
which would include all proceedings until its final determina-
tion." I feel convinced that the difference in procedure before
a compensation commissioner and a court, coupled with the
above language, would warrant the hearing of the case by the
former commissioner.

Having thus concluded, the appeal presents the query in one
way or another, as to the limitations, if any, on the evidence to
be heard. The terms of the remand by this court (Munger, J.)
was in the following language: "The Finding of the Commis-
sioner must be corrected by striking out Paragraph 11 and a
further hearing must be had to ascertain whether or not the ink
which the claimant was using, which was the only substance
that, upon the evidence, could have produced his infection,

was in fact such a substance as might in reasonable probability have caused it. The case is remanded to the Commissioner for further hearing in accordance with this memorandum."

In the then state of the record that was as favorable a disposition as could be made to the claimant. It was not appealed from and was the judgment in the case. *Santos v. Publix Theatres Corporation,* 108 Conn. 159, 162. It was not a suggestion lightly to be dismissed of which more will be said later. On the remand, again we have confronting us the liberal and informal procedure in compensation matters. Referring, then, to the *Glodenis* case, supra, 35, our court said: "The terms of the remand in this case do not mean that the commissioner upon a rehearing will be restricted as regards hearing further testimony solely to those matters as to which the judgment contains specific directions, and must make his further finding upon the basis of the testimony already heard supplemented by that further evidence . . . The remand of a compensation case to the commissioner for a further finding and award thereon, as in *Cormican* v. *McMahon,* 102 Conn. 234, 237, 128 Atl. 709, and *Louth* v. *G. & O. Mfg. Co.,* 104 Conn. 459, 133 Atl. 664, does not mean that such further finding must necessarily be based solely upon the evidence already heard. The greater latitude allowed compensation commissioners in procedural matters would no doubt justify, upon such a remand, the consideration of the evidence already offered without recalling the witnesses."

In this case the commissioner paid slight heed to this court's directions but proceeded to take testimony which in effect, was to contradict the only medical testimony in the case at the time Judge Munger ordered his remand. In the light of what has been said the commissioner may have been entitled to hear such evidence. The appeal (and the whole record shows careful presentation on the part of the respondent) questions the evidence so received as not only incompetent but not legal evidence.

It has been the unvarying practice to accord every opportunity to a claimant to prove his case. On the first appeal to this court (Cornell, J.), that was the aim, as was that of the court (Munger, J.). At the same time, this objective can be attained within reasonable legal limits, so that a party's rights will not be prejudiced. See *Gonirenki* v. *American Steel & Wire Co.* 106 Conn. 1, 9.

Before making a concluding order a seriatim disposition of some of the reasons of appeal of a less substantive nature will be made.

Reason of appeal as to paragraphs 1, 2 and 3 of the motion to correct is overruled because of the continuing nature of the evidence for such uses as the commissioner may decide on a remand and to repeat what is already a matter of record is unnecessary.

Reason of appeal 2 so far as it concerns paragraph 6 of the motion to correct is sustained and paragraphs 11 to 15 are stricken. Otherwise, as to paragraph 7 of the motion it is overruled.

Paragraph 3 of the reasons of appeal is sustained and the insertion in paragraph 22 of the finding is added.

The remainder of the reasons of appeal are of a more far reaching nature and call for some discussion, and have to do with the nature of the evidence received in support of the conclusions of the commissioner.

In contrast to *Dupre* v. *Atlantic Refining Co.*, 98 Conn. 646, 649, where the declarations would have been admissible in an action at law, we have here the opinion of a doctor based upon statements of the claimant, some sixteen months after the ailment complained of, in addition to a patch test not of the materials used in the plant. See *Darrigan* v. *New York & New England R. Co.*, 52 Conn. 285, 309. Of perhaps greater consequence, it does not take into consideration every other hypothesis suggested which a patch test of the materials used might aid and does not dispose of the very possibility for which the case was remanded by Judge Munger, to wit: that a probable cause of the claimant's condition was the ink he used. *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 714. Indeed, these are not the only other hypotheses which the record suggests. Accordingly, the conclusions in paragraph 25 and paragraph 11 of additions and corrections to finding are stricken and the case remanded for a determination of the facts underlying the opinion of Dr. Wolf, including a patch test of the materials used at the plant and concerning the probability of the ink and other substances as a causal connection, as suggested by Judge Munger.

In the opinion in the *Glodenis* case, supra, 34, Chief Justice Maltbie cited the maxim "*interest reipublicae ut sit finis litium.*"

This case deserves an application of that maxim. Due to my incapacity the papers did not come to me till mid-July but now three judges have heard it and fourteen months elapsed without action on Judge Munger's remand. An understanding of the file now requires reference to many related papers in each appeal. This appeal will complicate matters for the next judge on appeal. Notwithstanding the latitude extended to a commissioner as to evidence the probably findings as already indicated this case deserves to be heard free of the confusion adverted to, and it can best be done by a rehearing. Perhaps it should be heard by a fresh approach, notwithstanding I have decided there was no legal impediment to its hearing by the former commissioner.

Every trier is the best judge of his qualifilation or disqualification to hear a case. Reference is made for the commissioner's assistance in approaching what seems to be this salutary method of procedure in this case, to what appears on pages 37 and 39 of the *Glodenis* case, supra.