[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 11, 1988 the defendants R. Kenneth Gallo, John R. Conte, John V. Duchnowski, along with Carmine Ioanna entered into a partnership agreement under the name of the defendant Economic Development Associates. The purpose of this partnership was to invest in and develop real estate. Pursuant to the statement of ownership and operations of Economic Development Associates each of the above-named partners was to own 25% of the firm and have a corresponding interest in projects undertaken by the partnership.
On June 27, 1988 a Letter of Intent was forwarded from the plaintiff bank to the defendant-partnership outlining the proposed terms of the subject Construction Loan Mortgage and Note. Carmine Ioanna signed said letter as guarantor. On September 27, 1988 the subject note and Construction Mortgage Loan was entered into by the defendant partnership. On this same date, Carmine Ioanna executed a Trade Name Release and Transfer which removed his name from the partnership paperwork. This Trade Name Release and Transfer was executed in order to prevent the project at issue from becoming entangled with Ioanna's marriage dissolution action. Carmine Ioanna remained an investor in the defendant-partnership and maintained his role as an active partner in the subject project. The Carmine Ioanna's name does not appear on the subject Note and Construction Mortgage, the plaintiff correctly notes that Ioanna remained active in the defendant partnership.
If a complete determination of a controversy cannot be had without the presence of another party, the court may direct that such person be brought into the lawsuit. Conn. Practice Bk. 99. It is not essential to the existence of a partnership that the enterprise conduct business in the names of all partners. Jenkins v. Reichert, 125 Conn. 258, 261
(1939). A partnership is sufficiently established "if the parties have shown by a course of dealing a relation of principal and agent each to the other." Id. at 261. Mr. Ioanna's involvement in the partnership has been sufficiently established under this standard. Therefore, as a partners, Carmine Ioanna is jointly liable for the debts and obligations of the partnership. Conn. Gen. Stat. 34-53.
For the reasons stated, the motion to cite in Carmine Ioanna as a party defendant is granted.
DRANGINIS, J.