NORA T. BURKE *vs.* ROSALIE YENCSIK.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided December 3d, 1935.

*Arthur Klein,* with whom was *Charles Albom,* for the appellant (defendant).

*John J. Sullivan,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought this action to recover the sum of $3000 alleged to have been loaned by

her to the defendant. The defendant filed a general denial. The jury returned a verdict for the plaintiff, and the defendant has appealed from the refusal of the trial court to set it aside and from the judgment.

The transaction originated in a conversation on August 3d, 1932, at which it is not disputed that the plaintiff agreed to make the loan, and as to which the plaintiff, the defendant, and the latter's daughter, Mrs. Piontek, are the only material witnesses. As to the conversation at this time, the plaintiff gave testimony in support of her claim, while the defendant and Mrs. Piontek gave testimony to substantiate the defendant's contention that the loan was not made to her but to her son-in-law, Alexander Piontek. There was thus a sharp conflict of testimony, and the defendant to sustain her position relies largely upon transactions subsequent thereto, as to the main features of which there is little dispute.

The plaintiff on the day after the conversation went with the defendant and Mrs. Piontek to a savings bank where the plaintiff had a deposit. She withdrew $3000 and the bank issued a check in that amount payable to Alexander Piontek. This check was taken by the defendant or Mrs. Piontek and held by them until August 13th, 1932. On that day the defendant and Mrs. Piontek took the plaintiff to an attorney's office. There the defendant and her husband executed a warranty deed of certain real estate they owned to Piontek, and he executed a note for the $3000 plus a bonus of $300 payable to the plaintiff and a second mortgage of the real estate to secure it. The note was delivered to the plaintiff; the check was indorsed to the attorney and he delivered to the defendant and her husband his own check for the balance of the $3000 remaining after he had deducted his charges; and he sent the deed and mortgage to the town clerk's office

for record. A few days later the mortgage, duly recorded, was sent to the plaintiff and thereafter was retained by her. Subsequently two interest payments due upon the note were made to the plaintiff and she gave a receipt in each case acknowledging the payment as received from Mrs. Piontek. Later Piontek applied to the Home Owners' Loan Corporation for a mortgage to replace those upon the property and the plaintiff gave her written consent to a refunding of the incumbrances in that way. The application was refused and thereafter the first mortgage on the real estate was foreclosed and taken by the mortgagee. The plaintiff then brought this action against the defendant.

The testimony of the plaintiff as to the first conversation between herself, the defendant and Mrs. Piontek, if accepted by the jury, was sufficient to support their conclusion that the loan was made to the defendant. On the surface the transactions subsequent to that conversation would tend to corroborate the defendant's claim that the loan was made to Piontek; but viewed in the light of all the circumstances surrounding them, we cannot say that the jury could not have reasonably concluded that the plaintiff, ignorant of business transactions, was made the victim of a scheme by which, through a loan actually made to the defendant, Piontek was enabled to secure money with which to purchase the real estate from the defendant, thus enabling her to convey away property she wanted to get rid of for a very substantial consideration; that the making of the check to Piontek and the acceptance by the plaintiff of the note and mortgage he executed were regarded by her as merely convenient means adopted by the defendant and Piontek to carry out the transaction between themselves; and that her retention of the note and mortgage and the giving of the receipts to Mrs. Piontek were the result of an accept-

ance of the situation in which she found herself without any appreciation of the significance which might be attached to her acts. In determining whether or not that was so, the case is peculiarly one where the opportunity of the jury and the trial court to see the witnesses must be given much weight. We cannot find error in the refusal of the trial court to set the verdict aside.

The defendant complains of the failure of the trial court to give a large number of requests to charge which she submitted. It is not necessary to review them in detail. None of them contained propositions of law sufficiently applicable to the situation before the court to require the court to give them. Nothing in the record suggests a situation where the primary obligation to repay the loan was upon Piontek, and the defendant undertook the payment of his debt; so that the provision in the statute of frauds debarring a recovery upon an oral promise to answer for the debt of another was wholly inapplicable. The note and mortgage could not in any way be regarded as an integration of the agreement between the plaintiff and the defendant, if for no other reason because any agreement they evidence was not between them but between the plaintiff and Piontek; and consequently no question of a violation of the parol evidence rule could arise. The defendant participated in or was familiar with the whole transaction with reference to the note and mortgage, including the payments of interest, and there is nothing in the record to suggest that she was in any way misled to her disadvantage by anything done by the plaintiff; and so no question of estoppel in pais was involved. The plaintiff's assertion of the indebtedness of the defendant to her does not derogate in any way from the terms of the Piontek mortgage deed to her; both the defendant and he

might be liable for the indebtedness, the defendant by reason of originally incurring the debt, and Piontek by his agreement thereafter made, evidenced by the note and mortgage. The defendant does not claim that there was a novation by which the plaintiff accepted Piontek as her debtor in place of the defendant; and, in the absence of a special plea, she could not claim that. Practice Book, § 104.

The defendant assigns error in almost every paragraph of the charge, but in her brief presses only a few. Such sweeping assignments of error made either with the intention not to press many of them or without sufficient consideration are not proper practice. Of the assignments of error in the charge pressed in the brief, only a few merit consideration. Some of them are attacks upon the trial court's statement of the claims of the plaintiff; and if, as the defendant contends, there was no evidence to support the plaintiff's claim that Piontek was "obviously without means to respond to a demand of payment" we must assume that the jury, having heard the testimony, would disregard the claim; and in any event, the matter is not of sufficient importance to justify the ordering of a new trial. The statement by the trial court that the jury would have to pass upon the credibility not only of the plaintiff but "particularly of the defendant and her daughter" may well have had its basis in the trial court's observance of the demeanor of the witnesses and in the testimony they gave; and, in view of the fact that the charge clearly left it to the jury to determine the credibility of the witnesses, we cannot find error in the action of the trial court in its reference to the testimony of the defendant and her daughter. The trial court made it abundantly clear that the essential issue in the case was whether the loan had been made to the defendant or Piontek; and the instruction

that if the plaintiff and the defendant entered into an agreement to make the loan to the defendant, it would not make any difference whether the plaintiff was furnished "with a dozen notes and mortgages" was, in view of the situation before the court, entirely correct.

The question of the attorney who drew the note and mortgage as to the "custom" in his office as to explaining the purport of such documents to persons to whom they were given was properly excluded; the only issue would be as to his action on the particular occasion involved in the situation before the court. The suggestion by the trial court that a certain question asked by the defendant's attorney had "misled" the witness cannot be regarded as having been intended in an opprobrious sense and is not of consequence. The statement by the trial court that a certain inference which was suggested in a question asked by the defendant's attorney would not follow and that the question was not a fair one, evidently had reference not to the question stated in the finding but to a preceding one, as appears from the correction the defendant requests that we make in the finding; it would have been better had the statement not been made and the ensuing altercation between court and counsel should have been avoided; but the comment of the trial court had some justification and the incident was not of sufficient importance to justify a new trial. The other rulings on evidence claimed as error do not require comment.

There is no error.

In this opinion HAINES and BANKS, Js., concurred; MALTBIE, C. J., and HINMAN, J., dissented.