WILLIAM J. BOURGET *vs.* OVERHEAD DOOR COMPANY, INCORPORATED, ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued January 8th—decided February 13th, 1936.

*Morris W. Mendlesohn,* for the appellant (plaintiff).

*Harrison D. Schofield,* for the appellees (defendants).

BROWN, J. The fundamental question upon this appeal is whether the plaintiff was an employee or an independent contractor. The finding, corrected in so far as warranted, pursuant to the claims made in the plaintiff's brief, exclusive of those hereinafter discussed, discloses the following situation as to this issue: For some six years prior to December 13th, 1934, the defendant Overhead Door Company of New York, Incorporated, hereinafter referred to as the defendant, had been engaged in the business of selling and installing garage doors of the type that rolls or folds upward upon opening. The plaintiff is a carpenter by trade and during this period installed doors for the defendant and neither worked for nor was paid by anyone else. At first he was paid wages at the rate of $35 per week, and later was made foreman at higher pay. Until something over two years ago, the defendant hired a local trucker to deliver the doors sold to the places where they were to be installed for its customers. The defendant at no time itself owned any trucks.

In consequence of a talk with the defendant's manager in New Haven, the plaintiff bought a truck to take care of such deliveries where the doors were to be installed by him, and so to earn extra money by reason of the sums which the defendant paid him for such trucking. Its manager had the defendant's name painted on the plaintiff's truck but neither his own name nor his telephone number appeared thereon. Pursuant to the arrangement made, the defendant in addition to paying him cash for trucking the doors he installed, also paid for the gasoline and oil used in connection therewith. The plaintiff paid for all truck maintenance, repairs, and replacements. From the date of this new arrangement until his injury on December 13th, 1934, the plaintiff was no longer

compensated for his work in installing the doors by a weekly wage paid by the defendant, but instead by payment at an agreed rate per door, irrespective of where the installation was made. Under it, the plaintiff was at liberty to work for other employers when not busy with the defendant's work, but in fact did no such work for others. The defendant also maintained a telephone in the plaintiff's name at his residence for convenience in communicating with him. When it had doors for him to install it was the custom for its office to call him, and in the event of any complaint to it by the customer after installation, to call him, whereupon he would service the door in question. The defendant arranged for the installation of practically all the doors it sold. When the plaintiff needed assistance, either in trucking or installing the door handled by him, he hired, at his own expense, such helpers as he saw fit.

On December 13th, 1934, at the Starin Line Dock in New Haven, while the plaintiff, with the assistance of such a helper, was loading a door owned by the defendant into his truck, he sustained a compressed fracture of the twelfth dorsal vertebra, resulting in several months disability for laborious work. Before this accident, the defendant's manager had notified the plaintiff that in the event he was injured he was to go to a doctor and the company's insurance would take care of it. Later on the day of the accident, the plaintiff reported it to the defendant's manager, pursuant to whose instructions he consulted a doctor in New Haven the same evening.

The facts stated in two paragraphs of the plaintiff's motion to correct the finding, which he claims were admitted and undisputed facts, are material, and if added to the finding would preclude the conclusion reached by the commissioner upon the present finding.

One paragraph sets forth that the defendant had the right to tell the plaintiff how, when, and where to install the doors, and the other that the plaintiff was on the payroll of the defendant, which could discharge him if it so desired. The record discloses that the plaintiff testified that the defendant or its manager had the right to tell him how, when, and where to install the doors; that he was under the control of the manager of the defendant, taking orders from him, and was subject to such orders; that in other words, the work he did, and the manner in which he did it, were subject to orders from the defendant telling him where to go and what to do. He also testified that he was on the defendant's payroll; and that it could discharge him if it desired. It further appears that at the close of the plaintiff's testimony, his counsel offered another witness, the defendant's manager, stating: "I would like to offer him to confirm the truth of the statements made by Mr. Bourget." To this the defendant's counsel replied: "We admit they are the truth." Thereupon no other witness was called by either party, the plaintiff being the only one who testified.

While the defendant's brief refers to a conflict of evidence upon these points, it fails to specify any conflicting testimony, and we are unable to find it in the record. In the search for such testimony it should be borne in mind that the method of determining the plaintiff's "compensation for the services he rendered, whether by fixed wages, or commissions, and whether computed by the day or the job, is not of controlling importance; nor is the fact that the [plaintiff] used his own automobile, maintained by himself, in performing his work. *Aisenberg* v. *Adams Co., Inc.,* 95 Conn. 419, 423, 111 Atl. 521." *Lassen* v. *Stamford Transit Co.,* 102 Conn. 76, 82, 128 Atl. 117. The rec-

ord as it stands would require the addition to the finding of the two paragraphs of the motion to correct set forth above, also that the plaintiff was working under the control of the defendant's manager, and that with the exception of the fact that he delivered the defendant's doors to the place of installation on his own truck and received compensation on a per door basis rather than on a stipulated salary basis, the conditions of plaintiff's employment were the same throughout the six years that he worked for the defendant. With the finding so amended, the commissioner's ultimate conclusion that the plaintiff at the time of his injury was free from all direction and control by the defendant, and had the right to use his own means and methods of doing the work, and was responsible only for the result of his undertaking, and was an independent contractor and not an employee of the defendant, would be unsupported and could not stand.

However, it seems evident that the admission by the defendant's counsel of the truth of the statements of the plaintiff in his testimony must have been made under a misapprehension of the scope and effect of that testimony as above revealed, since the necessary effect of that admission would be to concede the vital fact that the plaintiff was its employee instead of an independent contractor, as the defendant claimed. Also the failure of the defendant to introduce evidence in support of the latter contention must have been due to like misapprehension. "Even though a claimant has failed for some reason to establish his right to compensation, if it appears reasonable to suppose that upon further proceedings he may be able to do so, the case may properly be remanded for such proceedings." *Kearns* v. *Torrington*, 119 Conn. 522, 531, 177 Atl. 725. A similar rule is applicable when through mistake,

inadvertence or misunderstanding of a respondent there has not been a disclosure of facts adequate to a fully informed and just determination of the issues of a claimant's right to compensation and a respondent's liability therefor. This case appears to afford occasion for a remand for the introduction of such further evidence as is necessary to that end.

The judgment of the Superior Court affirming the commissioner's award and dismissing the appeal therefrom, must therefore be reversed, and the case be remanded to the commissioner for a further hearing and finding as to the subordinate facts concerning the extent and nature of control exercised by the defendant over the plaintiff with relation to the installation of its doors, as well as its actual practice of compensating him therefor, and as to his conclusion predicated thereon, of whether the plaintiff was the defendant's employee or an independent contractor. *Tierney* v. *Correia*, 120 Conn. 140, 146, 180 Atl. 282.

The commissioner should have incorporated in his finding the three rulings excluding evidence offered by the plaintiff, as requested in the plaintiff's motion addressed to him to correct. The question asked of the plaintiff on direct examination as to what his "status was when the new manager came in," assuming from the context that it called for a statement of the compensation then being received by the plaintiff, was properly excluded, in the absence of the further fact shown that this rate of compensation had continued to the date of the injury. Excluding the question asked of the plaintiff on direct examination, as to whether the defendant sold its doors installed or merely in stock, was erroneous, but was healed by the plaintiff's affirmative reply to a similar inquiry shortly after. The fact that other workmen similarly employed by the defendant had been treated by it as em-

ployees, as to which the plaintiff's counsel claimed his testimony based upon his own knowledge, was relevant, material and of possible probative force. The commissioner erred in excluding it.

The commissioner has found neither the amount of the plaintiff's hospital and doctors' bills, nor the extent to which the plaintiff was incapacitated. As the case must in any event be remanded for the reasons above suggested, we do not consider whether the commissioner was correct in holding that in view of the failure of the plaintiff to offer evidence as to his expenses in connection with his work, he could not determine the average weekly wage upon which an award would have to be based.

There is error; the cause is remanded to the Superior Court with direction to return the case to the commissioner for such further finding and award as may be necessary in the light of this opinion.

In this opinion the other judges concurred.