FRANCES P. SELLEW vs. CITY OF MIDDLETOWN.

MALTBIE, C. J., HINMAN, BANKS and BROWN, Js.*

* By agreement of counsel the case was heard by four judges.

Argued March 4th—decided May 14th, 1936.

*Don Cambria,* for the appellant (defendant).

*Carlos Ellis, Jr.,* for the appellee (plaintiff).

BROWN, J.  The plaintiff offered evidence to prove that while walking on a concrete sidewalk of Main Street in Middletown, at a point just north of a driveway leading into the Holy Trinity Church property, she stepped on rolling stones which caused her to fall and suffer severe injuries; that the walk had an even unbroken surface, but was covered for its entire width with pebbles or stones, the size of marbles or smaller, and that similar stones had been on the walk for three or four months previously; that this driveway to the west of the sidewalk had a dirt foundation and a top-dressing of small stones or trap rock.

The defendant offered evidence to prove that the plaintiff made no attempt to avoid walking over the stones; that others had walked over the place shortly before she did without falling or being injured; that rain and parking cars would carry stones onto the walk from the land abutting on the west and from the driveway on the south; that there was rain on the day

before the plaintiff's fall; that it was the custom of the attendant of the gasoline station just west of this place, to sweep off the stones at this point; that the walk where she fell was swept daily by the Church sexton, and that it had been swept clear of stones on the morning of that day.

A ruling on evidence assigned as error relates to a pan of stones or pebbles which were testified by the plaintiff to be similar to those which were there on the walk, and which were offered and admitted as indicative of the size and type of the stones upon which she fell. The plaintiff's testimony was sufficient to support the court's exercise of its discretion in admitting the stones as it did. *Beattie* v. *McMullen,* 82 Conn. 484, 495, 74 Atl. 767. The only purpose served by such evidence is to illustrate to the jury the actual existing situation. It is only where it appears that it can be of real assistance and is not likely to be given undue weight by them, that the trial court may in its discretion admit it.

The defendant assigns error in the court's failure to charge that the defendant was entitled to the benefit of whatever was done by the abutting property owners to keep the walk at this place in reasonably safe condition for travel. The law is clear that, if what was done by such owners, or either of them, toward keeping the walk free from stones, either rendered the walk reasonably safe at the time of the accident under all the circumstances and conditions surrounding the city, or was an act which, if done by the city, would have been sufficient to show reasonable care by it under all the circumstances and conditions, such act would relieve the city of liability. *Kristiansen* v. *Danbury,* 108 Conn. 553, 559, 143 Atl. 850; *Wade* v. *Bridgeport,* 109 Conn. 100, 108, 145 Atl. 644. The court made no reference to this principle of law in its charge, al-

though the significance of its application in the light of the defendant's evidence that it was swept by the abutting owners, is apparent. " 'It is the duty of the court in every case to give to the jury sitting in that case such instructions as are applicable to the issues raised and sufficient for their guidance in coming to a verdict in the case before them.' " *Lindquist* v. *Marikle,* 99 Conn. 233, 236, 121 Atl. 474; *Bjorkman* v. *Newington,* 113 Conn. 181, 185, 154 Atl. 346; *Lovell* v. *Bridgeport,* 116 Conn. 565, 567, 569, 165 Atl. 795. The court in its charge failed to state that the defendant was entitled to the benefit of what was done by the abutting owners to render the walk safe for travel at this place. It therefore did not correctly define the limits of the defendant's burden under the law and its instructions were insufficient for the jury's guidance. Instruction upon this point was so essential to a correct determination of the case presented by the evidence, particularly in view of the temporary and varying nature of such a claimed defect of loose stones upon a smooth walk, that it falls within the above rule, notwithstanding the defendant's failure to raise it during the trial. The omitted matter was essential to a legal consideration and disposition of the case by the jury, and the court erred in not referring to it. *Pietrycka* v. *Simolan,* 98 Conn. 490, 499, 120 Atl. 310.

In four of the defendant's assignments of error, it complains of the court's failure to charge with reference to the lack of any opportunity or power upon its part to enter upon the private property of the abutting owners to change and abate conditions which might permit people or vehicles passing thereon to throw stones onto the walk, and that it could not therefore be held liable for any failure in this respect. Notwithstanding the allegations of the complaint are confined to the defendant's permitting a defect to exist

in the sidewalk, in view of the evidence that stones were likely to be thrown onto the walk from the adjoining land by the passing of vehicles or people thereon or carried on to it therefrom by the rain, instructions might well have been given from which the jury would understand that the defendant's duty was confined to action within the highway limits. *Beardsley* v. *Hartford,* 50 Conn. 529, 544; *Gaylord* v. *New Britain,* 58 Conn. 398, 400, 20 Atl. 365; *Udkin* v. *New Haven,* 80 Conn. 291, 294, 68 Atl. 253; *Wade* v. *Bridgeport,* supra, 104.

The defendant further contends that the court erred in charging that the plaintiff claimed "the defect consisted of a collection of these stones upon this sidewalk in a depression, hole, or something of that kind." The finding not only disclosed no evidence of any hole or depression, but on the contrary that there was evidence that there was none, nor does it appear that the plaintiff made any claim that there was such. A trivial wrongful assumption of fact will not be treated as reversible error. *State* v. *Perretta,* 93 Conn. 328, 342, 105 Atl. 690; *Burke* v. *Yencsik,* 120 Conn. 618, 622, 182 Atl. 135. The court's assumption here, however, related to a vital point in the case, and was followed by a statement "that if the presence of those stones or similar stones had been due to a condition which existed there, which caused those stones to collect upon this walk, and although frequently removed continued to collect, it would have been the duty of the city to have removed them, and to have remedied that condition." The jury might well have understood "that condition" to be the hole or depression so mentioned, or to refer to the condition of the abutting driveway and parking station from which the stones might have been washed, or scuffed, and over which private property the city had no control. Under these

circumstances the erroneous assumption may have been definitely harmful.

In view of the conclusions above stated, we do not discuss the court's denial of the motion to set aside the verdict.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.