MARY FOOTE *vs.* E. P. BRODERICK HAULAGE COMPANY, INC., ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 6th—decided November 3d, 1937.

*Philip Reich,* with whom was *William Dorkin,* and, on the brief, *Samuel Reich,* for the appellant (plaintiff).

*DeLancey Pelgrift,* for the appellees (defendants).

MALTBIE, C. J.   The plaintiff has appealed from a judgment entered upon a verdict in favor of the defendants, in an action brought by her to recover for injuries suffered when she was struck by an automobile just as she was stepping to the curb on the north side of Fairfield Avenue in Bridgeport, after having crossed that street.   She brought her action against the defendants, respectively the owner and driver of a truck, upon the ground that the driver's negligent operation of it had caused a car driven by Mrs. Gardner, though there was no collision, to swerve from its course to the north side of the avenue, along which it was proceeding, and so to run into the plaintiff. Mrs. Gardner was proceeding westerly and the truck was being driven northerly on Hancock Street which intersects Fairfield Avenue.   In the complaint the plaintiff alleged that her injuries were due to the negligence of the driver of the truck, among other respects, in that he entered Fairfield Avenue from the left of the car driven by Mrs. Gardner "contrary to the requirements of the statute."

According to the plaintiff's claims of proof, when Mrs. Gardner reached the intersection, proceeding at a speed of fifteen to eighteen miles an hour, she saw the truck thirty to forty feet southerly of it; the truck was being operated along the center of Hancock Street at a fairly fast rate of speed; Mrs. Gardner's car was proceeding about a foot or two to the north of the northerly rail of two sets of trolley tracks running through the center of Fairfield Avenue; the truck turned into the avenue to go in a westerly direction, its course being such as to put Mrs. Gardner in fear of imminent danger of a collision; to avoid being struck, she immediately turned her car to the right and so ran into the plaintiff; and it is further claimed to have been proven that the driver of the truck failed to keep

a proper outlook, failed to grant the right of way to Mrs. Gardner, who reached the intersection before him and was proceeding from his right, and that he was driving at an unreasonable rate of speed.

The trial court charged the jury that the plaintiff in order to recover must prove that the driver of the truck was negligent in one or more of the ways alleged in the complaint and that this negligence was the proximate cause of the injuries to the plaintiff. With reference to the allegation in the complaint that the driver of the truck entered Fairfield Avenue to the left of Mrs. Gardner contrary to the requirements of the statute, it charged that this referred to the statute which requires the operator of a car to keep to the right of the intersection of the center of the highways when turning to the left and at all other times to keep to the right of the center line of the highway along which he is proceeding. One ground of the plaintiff's appeal is the failure of the trial court to charge the jury as to the effect of the rules relating to the right of way of automobiles at street intersections and that the conduct of the defendant driver and Mrs. Gardner was to be measured in the light of these rules in determining the negligence of the former.

Under the plaintiff's claims of proof, Mrs. Gardner clearly had the right of way at the intersection. That means that she had precedence in passing through and the right not to be hindered, obstructed or delayed by any person who could reasonably avoid doing so. *Driscoll* v. *Boston Elevated Ry. Co.,* 223 Mass. 533, 536, 112 N. E. 219; *Heidle* v. *Baldwin,* 118 Ohio St. 375, 161 N. E. 44. Under the theory upon which the trial court submitted the case to the jury, the plaintiff could as well claim that the driver of the truck was negligent in not granting the right of way

to Mrs. Gardner and that his negligence in this regard was a proximate cause of the plaintiff's injuries as she could that the violation of the statute referred to in the charge established the liability of the defendants. A reading of the record suggests that complaint of the omission assigned as error may have been an afterthought on the part of counsel, but recovery upon the basis of the application of the rules concerning the right of way at a street intersection was fairly within the scope of the complaint and is included in the plaintiff's claims of proof as they are found by the trial court, and by these we must judge the charge. That being so, the issue was directly involved in the case and the failure of the trial court to charge the jury as to it, even in the absence of a request, was erroneous. *Iannucci* v. *Lamb*, 123 Conn. 142, 145, 193 Atl. 212; *Sellew* v. *Middletown*, 121 Conn. 331, 334, 185 Atl. 67; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, 117 Conn. 589, 596, 169 Atl. 613. This conclusion makes it unnecessary to consider the other claim of error, which involves a ruling upon evidence not likely to be presented upon another trial

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.