JOHN KUCINESKI vs. WALTER V. DAVEY ET AL.

MALTBIE, C. J., HINMAN, AVERY and BROWN, Js.*

* By agreement of counsel the case was argued before and decided by four judges.

Argued January 5th—decided February 1st, 1938.

*Josiah H. Peck* and *Charles H. Blackall,* for the appellants (defendants).

*William F. Geenty,* with whom was *Lyman H. Steele,* for the appellee (plaintiff).

HINMAN, J.  While the plaintiff was crossing Main Street in Winsted he was struck and injured by an

automobile owned by the named defendant and driven by his son. He claimed and offered evidence to prove that he started to cross the street from the south side to the north side on a crosswalk which was the easterly sidewalk of Cornelio Avenue extended southerly across Main Street and had reached a point just south of the center of the street, stopped to wait for a car traveling westerly to pass, and had just started to step forward when he was struck by the defendant's automobile traveling easterly on its right-hand side of the road near the center. Cornelio Avenue intersects Main Street from the north but does not cross it, is about eighteen or nineteen feet wide and has sidewalks on both sides approximately three feet six inches in width; six or seven houses are located upon it and it is used by automobiles. The defendant offered evidence to prove that Main Street at the point in question is from forty-one to forty-three feet wide, that at the time there were cars parked on both sides of the street and moderate traffic, and that the plaintiff was crossing from north to south and was facing south directly in front of the defendant's car when first seen.

It is apparent from the finding and confirmed by the grounds of the motion to set aside the verdict and the evidence certified in support of it, that a main issue on the trial was whether the plaintiff was contributorily negligent in the manner in which he crossed the street. Several of the assignments of error assert inadequacy of the charge as to the duty of the plaintiff in crossing as and when he did and the degree of care required of him in so doing. The only instructions on this subject which were given in the charge were bare statements to the effect that the plaintiff must prove that his conduct was that of a reasonably prudent man under like circumstances.

Although no requests to charge were made, it was the duty of the trial court to give the jury instructions sufficient for their guidance in deciding this important issue. *Sellew* v. *Middletown,* 121 Conn. 331, 334, 185 Atl. 67; *Foote* v. *E. P. Broderick Haulage Co.,* 123 Conn. 296, 299, 195 Atl. 191; *Pietrycka* v. *Simolan,* 98 Conn. 490, 499, 120 Atl. 310. The charge given was inadequate to satisfy this requirement.

One of the contested subsidiary issues was whether or not the plaintiff was upon a crosswalk within the definition in General Statutes, Cum. Sup. 1935, § 74c, "that portion of a highway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections, or any portion of a highway distinctly indicated as a crossing for pedestrians by lines or other markings on the surface, except such prolonged or connecting lines from an alley across a street." This in turn depended on whether Cornelio Avenue is an alley as the defendant claimed and so within the exception, instead of a street as claimed by the plaintiff, and the charge should have afforded the jury appropriate assistance in deciding that question, followed by instructions as to the differing degrees of care required of the plaintiff, dependent upon whether he was using a crosswalk or crossing at some other place. *Puza* v. *Hamway,* 123 Conn. 205, 208, 193 Atl. 776. Instructions appropriate to the opposing claims of the parties as to the plaintiff's course of conduct should also have been included, at least that the plaintiff, to be in the exercise of due care, should have had in mind conditions affecting the safety of his crossing which he knew or in the exercise of reasonable care should know existed or were likely to exist, and should use his senses to see and hear those things which an ordinarily prudent person would under the circumstances, and avoid dangers which he knew or

reasonably should have known, were present or likely to be. *Puza* v. *Hamway,* supra, 209; 1 Berry, Automobiles (6th Ed.) p. 298.

We find to be warranted the contention of the appellant that these deficiencies in the charge may well have been so prejudicial to the defendant as to constitute reversible error. As a new trial must be ordered on this ground and the other matters assigned on the appeal from the judgment apparently will not arise on a retrial, there is no occasion to discuss and decide them or the appeal from the refusal to set aside the verdict.

There is error and a new trial is ordered.

In this opinion the other judges concurred.