HELEN B. GILLETTE *v.* SAMUEL SCHROEDER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 9—decided June 12, 1947

*Morton E. Cole,* with whom were *Milton Krevolin* and, on the brief, *Cyril Cole,* for the appellant (plaintiff).

*Julius B. Schatz,* with whom were *Arthur D. Weinstein* and, on the brief, *Joseph P. Kenny,* for the appellees (defendants).

JENNINGS, J. The plaintiff was injured in an automobile accident as a result of the negligence of the defendants. Liability was admitted. The jury, after being sent back to reconsider the case, rendered a verdict of $2500. The plaintiff appealed from the denial of her motion to set it aside as inadequate and on other grounds and from the judgment.

The plaintiff has assigned error in numerous rulings on evidence relating to the sole issue in the case, the amount of damages. The plaintiff consulted Dr. J. P. Karp in December, 1945, and was still under his care at the time of trial, June 6, 1946. The plaintiff first attempted to introduce his bill through the testimony of another doctor and, when unsuccessful, through that of Dr. Karp's secretary. It is clear from the excerpts of the testimony contained in the finding that the plaintiff's difficulty was due to her failure to produce Dr. Karp. Attempts by the plaintiff to show why he could not come to court were excluded on objection. The ruling was correct. The

reason why the doctor could not come to court to testify with reference to his bill, an element of special damages as to which there was no countervailing evidence, was irrelevant. If the reason had been given, that fact would not have tended to establish the specific item of damage.

During the examination of one of the orthopedists, the plaintiff's attorney produced a chart showing the skeleton and nervous system and asked the doctor if it would aid the jury in understanding his testimony. He answered "Perhaps." For reasons which are not entirely clear upon the record, the chart was excluded after a rather heated argument. This ruling was within the discretion of the trial court, as the plaintiff admits in her brief. It is undesirable to cumber the record with unnecessary exhibits, but evidence of this character may be received if, in the opinion of the trial court, it will assist the jury to understand the expert's testimony. See *Ireland* v. *Connecticut Co.,* 111 Conn. 521, 527, 150 A. 520; *Sellew* v. *Middletown,* 121 Conn. 331, 333, 185 A. 67; *Virginian Ry. Co.* v. *Bell,* 118 Va. 492, 498, 87 S. E. 570; *State* v. *Knight,* 43 Me. 11, 130; *Timmerman* v. *March,* 199 Minn. 376, 381, 271 N. W. 697; 3 Wigmore, Evidence (3d Ed.) § 791, p. 175.

A medical witness called by the plaintiff testified on cross-examination that his secretary had sent his original report to plaintiff's counsel. Defendants' counsel requested this report from plaintiff's counsel and, upon objection by the latter, he was ordered by the court to deliver it to defendants' counsel. The delivery should have been to the court to enable it to rule on the propriety of submitting it for examination, rather than to counsel. *Banks* v. *Connecticut Ry. & Lighting Co.,* 79 Conn. 116, 120, 64 A. 14.

This ruling, however, cannot have harmed the plaintiff because it is apparent from the record that defendants' counsel had a copy of the report and because it would be only under the most unusual circumstances that an opportunity for cross-examination based on such a medical report would be refused.

The remaining rulings on evidence do not require discussion for various reasons. In some, no answer appears to a question admitted over objection. *Jenkins* v. *Reichert,* 125 Conn. 258, 264, 5 A. 2d 6. In others, the testimony excluded was later admitted. *Bourget* v. *Overhead Door Co.,* 121 Conn. 127, 133, 183 A. 381. The rest were correct, inconsequential, discretionary or were not pursued on the brief.

The jury returned a verdict for $6500. The court refused to accept the verdict "at this time" and recessed for lunch. After court reconvened the jury were returned for further consideration with instructions "to see whether or not you feel that the amount is excessively liberal. As was indicated in the charge, the amount of the verdict should represent fair, just and reasonable compensation." The plaintiff's attorney objected on the grounds that he was entitled to know the amount of the original verdict in order to frame his objection, that the court abused its discretion in telling the jury that its verdict was excessively liberal and that it had no right to send the jury back anyway.

The first matter is one of procedure, not regulated by rule or statute. The better practice, as noted in *Magoohan* v. *Curran,* 71 Conn. 551, 554, 42 A. 656, is to have the first verdict read when it is rendered. Failure to do so is not reversible error. *Lentine* v. *McAvoy,* 105 Conn. 528, 530, 136 A. 76. There is nothing in Practice Book, § 156, which changes the

situation, at least where, as in this case, the appellant's exception to the course adopted by the court is fully stated upon the record.

The argument of the plaintiff that the court had no right, under General Statutes, § 5657, to return the jury for further consideration is not convincing. The practice has been followed from *Russell* v. *Bradley,* 4 Day 403, 406, to *Marini* v. *Wynn,* 128 Conn. 53, 56, 20 A. 2d 400, by authority of that statute and its predecessors. See also *Hubert* v. *New York, N. H. & H. R. Co.,* 90 Conn. 261, 275, 96 A. 967. The control of the court over the verdict of the jury is limited but salutary. *Cables* v. *Bristol Water Co.,* 86 Conn. 223, 224, 84 A. 928. A mere expression of opinion by the trial court that the verdict is too large or too small may conduce to a desirable result. *Ryan* v. *Scanlon,* 117 Conn. 428, 436, 168 A. 17. This case also negatives the proposition, on which the plaintiff's argument apparently is based, that the court may not send the jury back to reconsider their verdict unless it is so unreasonable that, if accepted, it would have to be set aside as against the evidence.

One of the assignments of error attacks the attitude, remarks and demeanor of the trial judge, claiming that these were prejudicial to the plaintiff. His attitude and demeanor are not ascertainable from the printed record. The very few remarks in this long record which might be subject to criticism did not exceed the bounds of propriety to such an extent as to require a new trial. 5 C. J. S. 909, § 1712.

It would serve no useful purpose to discuss the voluminous evidence in detail in connection with the denial of the motion to set aside the verdict as inadequate. The special damages were small. The jury reasonably could have found from the medical evi-

dence that the plaintiff was not very seriously injured in the accident and it was admitted that her fractured vertebra, which was the principal cause of her disability, was not discovered until more than four years thereafter. Except for three visits to an osteopath in January, 1944, she consulted no doctor between March, 1943, and December, 1945. It cannot be said, as a matter of law, that the verdict rendered was so inadequate as to require a new trial on that ground. See *Meyer* v. *Basta,* 102 Conn. 144, 147, 128 A. 32.

There is no error.

In this opinion the other judges concurred.