GAVINO CAVALLARO v. RICHARD J. WELCH ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 9—decided November 6, 1951

*Joseph P. Kenny*, with whom was *Arthur D. Weinstein*, for the appellants (defendants).

A. *Arthur Giddon*, for the appellee (plaintiff).

INGLIS, J.  The errors claimed on this appeal are in the denial of the motion to set aside the verdict and in one ruling on evidence.  As to the first, the only question raised is whether the verdict for $7131 in favor of the plaintiff was excessive.

The jury might reasonably have found the following facts:  The plaintiff was injured in a head-on collision between an automobile owned and operated by him and an automobile operated by the named defendant as the agent of the other defendant.  The collision occurred on September 15, 1946, and was the result of the defendants' negligence.  The plaintiff's special damages amounted to $631.  In the collision his head and body were thrown violently forward against the steering wheel.  He sustained a concussion of the brain, a small bump on his forehead and a large one on the back of his head, a cut on the bridge of his nose, bad lacerations of the lips, an injury to his chest, an injury to the back of his neck and shoulders, and an injury to his lower back.  The lacerations of the lips were extensive.  The upper lip was cut through and the two sides spread open in a V shape to expose the upper jaw.  As a result of the cut of the lower lip, that lip was drawn back and drooped so as to expose the jaw from one molar to the other.  It required fifteen sutures to close the two lacerations.  The cuts have left

permanent scars, one of them disfiguring, and have caused a permanent numbness of the area around the mouth. The concussion of the brain produced headaches and dizziness on occasion from the date of the accident to the time of the trial in March, 1950; they have become less frequent and will terminate eventually. The injury to his nose has caused the plaintiff difficulty in breathing, and that to his chest has been painful at times. The injury to the back of the plaintiff's neck was a strain of the muscles. This gave him pain at various times, with diminishing frequency, down to the time of trial; there was assurance that it would clear up eventually.

It was the injury to the lower back which has caused the plaintiff the greatest trouble. The exact nature of that injury does not appear. The jury would not have been justified in finding that it was a herniated intervertebral disc, which was the tentative but unconfirmed diagnosis of the plaintiff's attending physician, who admitted that such a matter was out of his line. There was evidence, however, that the back injury involved these results: It caused the plaintiff to suffer severe pain in the lower back and legs on frequent occasions. This pain occurred when the plaintiff remained in one position too long and when he attempted to lift heavy objects. It prevented him from doing heavy work. This condition had shown no improvement during the two years next preceding the trial, and for that reason it was the opinion of the attending physician that the condition was permanent. These facts the jury were entitled to find, whether the injury sustained by the plaintiff was actually a herniated disc or not. The fact that the physician's tentative diagnosis of a herniated disc was shown on his cross-examination to be not well founded did not deprive of probative force his opinion, expressed on direct, that the effects of the injury re-

ceived would be permanent. *Naveckas* v. *Jack*, 112 Conn. 407, 410, 152 A. 580.

On the whole case, therefore, we cannot say that the jury acted unreasonably in concluding that a fair award of general damages for the injuries sustained by the plaintiff was $6500. Accordingly, the trial court was not in error in refusing to set aside the verdict. See *Hulk* v. *Aishberg*, 126 Conn. 360, 362, 11 A. 2d 380; *Scorpion* v. *American-Republican, Inc.*, 131 Conn. 42, 47, 37 A. 2d 802.

In connection with the testimony of the plaintiff's physician, a chart picturing the human skeleton and nervous system was admitted in evidence over the objection of the defendants. Before its admission, the doctor had testified that it would help the jury in understanding his testimony. Presumably the court found that this would be true. Under such circumstances it was within the discretion of the court to admit such a chart. *Gillette* v. *Schroeder*, 133 Conn. 682, 684, 54 A. 2d 498. There was no abuse of that discretion in the present case.

There is no error.

In this opinion the other judges concurred.