MIMI B. CONTI *v.* WILLIAM BROWN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued March 6—decided May 8, 1962

*Charles R. Covert,* with whom was *E. Arthur Morin, Jr.,* for the appellant (plaintiff).

*Maurice J. Buckley,* for the appellees (defendants).

SHEA, J. The plaintiff sustained personal injuries as a result of an automobile collision alleged to have been caused by the negligence of the defendants. The jury returned a verdict for the plaintiff of $1100, a sum which exceeded by only a small amount the total of the expenses claimed to have been incurred by her as special damages. She has appealed, claiming that the court erred in certain rulings on evidence and in the denial of her motion to set aside the verdict as inadequate.

In March, 1957, the plaintiff was operating an automobile in an easterly direction on Hoyt Street in Stamford when a westbound truck driven by the named defendant crossed the center line onto the southerly side of the street and collided with the car operated by the plaintiff. She was driven to the

Stamford Hospital, where x rays were taken. She was advised to see her family doctor and was discharged the same day. She claimed that she had suffered injuries to her abdomen, back, neck and right leg. She testified that she had severe backaches, that daily headaches had persisted to the time of trial, that she suffered a serious impairment of hearing, that her right leg kept falling asleep, and that she was nervous and irritable and unable to do her housework. She also stated that she had not been able to work in the laboratory where she had obtained employment shortly before the accident. The defendants, on the other hand, claimed that there had been only a slight contact between the two vehicles, that the property damage was insignificant, and that the plaintiff was exaggerating her injuries.

The factors to be considered by us in determining whether the trial court abused its discretion in refusing to set aside a verdict were recently reviewed in *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596. We decide only whether, on the evidence presented, the jury could fairly reach the conclusion they did. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760. The evidence concerning her injuries and their effect on her was in sharp conflict. The jury could reasonably find that there was little or no foundation for her claims. They could reasonably conclude that she had suffered a mild sprain of her neck and back, that her injuries were not permanent, and that she had unduly magnified them and exaggerated the consequences. It was within the province of the jury to accept or reject any or all of the evidence concerning her injuries. *Martino* v. *Palladino,* 143 Conn. 547, 549, 123 A.2d 872.

One of the plaintiff's medical experts was asked on direct examination whether he gave the plaintiff "any advice as to whether or not she should have any increase in her family" while she was under treatment for the injuries sustained in the accident. The defendants objected on the ground that no such element of damage was included within the allegations of the amended complaint. The court ruled that the testimony was not admissible. The ruling was correct. The plaintiff relies on the allegation in the amended complaint that the injuries "have incapacitated the plaintiff and will continue to incapacitate her in her activities as a wife and mother." There is nothing in this allegation to suggest that the plaintiff intended to make any claim concerning her ability to bear children. The pleading did not fairly apprise the defendants that any such claim would be made. See *Johnson* v. *Toscano,* 144 Conn. 582, 589, 136 A.2d 341; *Varley* v. *Motyl,* 139 Conn. 128, 134, 90 A.2d 869; *Zamatha* v. *Harak,* 134 Conn. 480, 483, 58 A.2d 704. The remaining rulings on evidence do not require discussion. The testimony excluded by them was later admitted. See *Gillette* v. *Schroeder,* 133 Conn. 682, 685, 54 A.2d 498; *Bourget* v. *Overhead Door Co.,* 121 Conn. 127, 133, 183 A. 381.

There is no error.

In this opinion the other judges concurred.