FRANCIS CAREY *v.* JAMES BURGESS ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 14—decided May 28, 1963

*William R. Davis,* with whom, on the brief, was *Leon RisCassi,* for the appellant (plaintiff).

*Thomas J. Hagarty,* for the appellee (named defendant), and *Francis J. McCarthy,* with whom was *Frank E. Dully,* for the appellees (defendants Sarra).

ALCORN, J. The plaintiff was injured by being thrown against the windshield of the automobile in which he was a passenger when it collided with another automobile at an intersection. He brought this action for damages, alleging the negligence of the owner-driver of the car in which he was riding and of both the owner and the driver of the other vehicle. The case was tried to a jury, and they returned a verdict of $1000 against all defendants. The plaintiff moved to set the verdict aside on the ground that it was inadequate. The trial court denied the motion, and the plaintiff has appealed from the judgment, assigning as error only the denial of the motion.

The plaintiff's argument is premised on the assumption that there was no dispute as to the injury suffered or the causal relationship between the collision and the claimed injuries. The evidence in the appendices to the briefs shows this assumption to be unfounded. In fact, the evidence afforded a considerable range within which the jury could properly arrive at a conclusion. We need not reiterate the factors which the appeal from the trial court's refusal to disturb the verdict presents for our consideration, because they have been so recently detailed in *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596, and *Conti* v. *Brown,* 149 Conn. 465, 467, 181 A.2d 591. We conclude from examining the evidence in the appendices that the jury were faced with questions of credibility which readily explain the verdict. Although the verdict is

low, it does not so shock the sense of justice as to compel a conclusion that the jury were swayed by partiality, prejudice, corruption or mistake, and consequently the verdict must stand. *Johnson* v. *Toscano,* 144 Conn. 582, 594, 136 A.2d 341.

There is no error.

In this opinion the other judges concurred.