### BENJAMIN E. CHANOSKY, JR. *v.* THE CITY BUILDING SUPPLY COMPANY

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 5—decided June 1, 1965

*Ralph C. Dixon,* with whom was *Philip S. Walker,* for the appellant (defendant).

*Paul J. McQuillan,* with whom were *Frank E. Dully* and, on the brief, *Roman J. Lexton,* for the appellee (plaintiff).

HOUSE, J. This is an appeal from a judgment rendered for the plaintiff following the court's

denial of the defendant's motions to set aside the verdict and for judgment notwithstanding the verdict. The defendant pursues as error on this appeal only the court's denial of the motion for judgment notwithstanding the verdict, asserting that there was insufficient evidence to sustain the verdict for the plaintiff. If the court correctly refused to set aside the verdict as against the evidence, it necessarily properly denied the motion for judgment notwithstanding the verdict. *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 662, 154 A.2d 517; Maltbie, Conn. App. Proc. § 208; see *Fisher* v. *Jackson,* 142 Conn. 734, 738, 118 A.2d 316.

We examine the trial court's ruling on the basis of the evidence printed in the appendices to the briefs. *Pierce* v. *Albanese,* 144 Conn. 241, 256, 129 A.2d 606; *Palmieri* v. *Macero,* 146 Conn. 705, 707, 155 A.2d 750; see Practice Book § 641. The verdict of the jury must stand if they could reasonably have reached their conclusion. *Markee* v. *Turner,* 140 Conn. 701, 705, 103 A.2d 533. "The correctness of the denial of the motion to set aside the verdict or for judgment notwithstanding the verdict must be tested by the evidence most favorable to the . . . [plaintiff]. *Feir* v. *Hartford,* 141 Conn. 459, 463, 106 A.2d 723." *Pierce* v. *Albanese,* supra, 257. The concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony, is a powerful argument for sustaining the action of the trial court. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760.

The plaintiff was an electrician's helper employed by a subcontractor on a house-construction job. Before noon on June 5, 1961, the defendant's employees delivered to the job site thirty-six bun-

dles of sheetrock, each measuring four feet by twelve feet and each weighing about 200 pounds. The defendant's employees stacked all of the bundles of sheetrock in the kitchen of the partially constructed house, stacking twenty-seven bundles against the outside wall and nine bundles against the opposite inside wall. Shortly after 6:00 p.m. the same day, while the plaintiff, in the course of his work, was standing in the space between the two stacks of sheetrock, the nine bundles which had been placed against the inside wall toppled over onto him causing him serious injuries. Included among the alleged negligent acts of the defendant's employees were the placement of the bundles of sheetrock against the inner wall at such a straight angle that they knew or should have known that small vibrations would cause the sheets to tip away from the wall and fall and, also, the failure to place any brace to keep the bundles from falling away from the wall.

The jury had before them evidence as to the kind, size and weight of the sheetrock involved, the type of springy, half-inch, plyscore subflooring on which the sheetrock was stacked, and testimony as to the angle at which the sheetrock was stacked. The plaintiff himself testified that it was stacked against the wall straight up and down. Another witness testified that it was stacked at a very straight angle. There was evidence that the stack was not braced. There was evidence that, while the sheetrock was stacked, workmen walked across the springy, plyscore subfloor between the two large stacks and that just prior to the accident the plaintiff had walked across the floor in front of the sheetrock which thereafter fell.

It was for the jury to consider all the evidence

and the inferences which they could logically draw from it. *Blados* v. *Blados,* 151 Conn. 391, 395, 198 A.2d 213; *Cayer* v. *Salvatore,* 150 Conn. 361, 363, 189 A.2d 505. They could reasonably have reached the conclusion that the act of stacking the unbraced sheetrock at too straight an angle on a flexible, plyscore subflooring having a springy tendency and in a situation where the passage of workmen walking between the stacks would cause vibrations was negligence which was the proximate cause of the plaintiff's injuries. Since they could fairly reach this conclusion, we cannot hold that the trial court erred in refusing to render judgment notwithstanding the verdict. *Conti* v. *Brown,* 149 Conn. 465, 467, 181 A.2d 591.

There is no error.

In this opinion the other judges concurred.