[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR REMITTITUR AND/OR SET ASIDE #118
This motion follows a jury trial where the plaintiff was awarded economic damages of $182,000, and non-economic damages of $150,000, both reduced by 25% for comparative negligence, totaling $249,000. The defendant claims that the award of economic damages was contrary to the evidence and seeks a remittitur or to set aside the verdict.
In deciding this motion this court's standard of review is clear: "We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the parties who were successful at trial; Bleich v.CT Page 2259Ortiz, 196 Conn. 498, 501, 493 A.2d 236 (1985); giving particular weight to the concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony. . . .Chanosky v. City Building Supply Co., 152 Conn. 642, 643,211 A.2d 141 (1965). The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion. Bleich v. Ortiz, supra, 500-501; Pinto v. Spigner, 163 Conn. 191, 192-93, 302 A.2d 266
(1972); Chanosky v. City Building Supply Co., supra, 643[;] BoundBrook Assn. v. Norwalk, 198 Conn. 660, 667, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S.Ct. 81, 93 L.Ed.2d 36 (1986); see also Mather v. Griffin Hospital, 207 Conn. 125, 130, 540 A.2d 666
(1988)." (Internal quotation marks omitted.) Ham v. Greene,248 Conn. 508, 519, 729 A.2d 740 (1999).
The evidence viewed in a light most favorable to the plaintiff established that Ms. Larsen suffered from a condition called fibromyalgia, which was permanent and proximately caused by the wrongdoing of the defendant. That the plaintiff's life expectancy was 24.5 years and that she would require medical treatment for the remainder of her life. That she incurred to the date of trial medical expenses of $36,000. (November 1993 through December 1999). That her permanent and painful condition required frequent medical treatment and could reasonably worsen as she advanced in age. The plaintiff incurred about $6,000 per year in medical treatment since the date of her injury. Based on these facts, the jury could have reasonably awarded the plaintiff economic damages of $136,500 ($182,000 — 25%). This award neither shocks the conscience of the court, nor is unreasonable based on the evidence presented when viewed in the light most favorable to the plaintiff.
"Damages for the future consequences of an injury can never be forecast with certainty. With respect to awards for permanent injuries, actuarial tables of average life expectancy are commonly used to assist the trier in measuring the loss a plaintiff is likely to sustain from the future effects of an injury. Moreover, [t]he cost and frequency of past medical treatment . . . may be used as a `yardstick for future expenses' if it can be inferred that the plaintiff will continue to seek the same form of treatment in the future. 2 M. Minzer, J. Nates, C. Kimball, D. Axelrod R. Goldstein, Damages in Tort Actions § 9.55 [4], p. 9-80." (Citations omitted; internal quotation marks omitted.) Marchetti v. Ramirez, 240 Conn. 49, 56,688 A.2d 1325 (1997); see Seymour v. Carcia, 221 Conn. 473, 478, CT Page 2260604 A.2d 1304 (1992). There is no question that the jury considered the substantial chiropractic treatment the plaintiff incurred in the past as a "yardstick" in assessing future medical costs.
The court cannot find that the jury could not have fairly reached the verdict that it did in connection with its award of economic damages, and therefore, the court will deny the defendants motion to set aside the verdict and for remittitur.
PELLEGRINO, J.